No. 7713.

CITY OF NEW ORLEANS VS. THE NEW-ORLEANS SAVINGS INSTITUTION.

It seems to be a settled doctrine, that a State court is not prevented from entertaining an
action and rendering judgment against a receiver appointed by a Federal court, but only
from interfering with his possession or from enforcing the judgment in the State tribunal.

Want of permission from the Federal court, which appointed a receiver, to bring suit against
him in the State court, is waived by the appearance of counsel in his behalf, such appear-
ance being an admission that the defendant has been regularly brought into court.

The "New-Orleans Savings Institution" was at least *a bank of deposit*, and, as such, liable
to the payment of the annual license-tax imposed by the city of New Orleans, under its
ordinances, on "banks, banking houses, banking companies, or banking agencies."

But privilege claimed by the city on its personal property, not having been registered, cannot
be recognized.

APPEAL from the Third District Court, parish of Orleans. *Monroe,*
J.

Sam. P. Blanc, Assistant City-Attorney, and E. H. Farrar for plaintiff
and appellee:

This suit was brought before the receivers were appointed.

It may and ought to be continued without their participation.

It does not purport or pretend to interfere with, or disturb the receivers' possession of the assets of the corporation.

For these reasons the State court should maintain its jurisdiction. 6 Bl. C. C. 235 ; 99 Mass. 395; 18 Wis. 75 ; 111 Mass. 508 ; 11 N. Y. 375 ; 42 Iowa, 683.

The defendant was a banking institution, engaged in the business of a bank, receiving deposits, paying checks, discounting notes, etc. Bouvier, Law Dict. *verbo* Banks ; Morse on Banks and Banking, p. 38 ; Burroughs on Taxation, p. 653 ; 3 Wall. 495 ; 17 Wall. 109.

The privilege asked for should be recognized. Acts of 1870, Ex. Sess. No. 7, sec. 20 ; 27 An. 370.

Bayne & Renshaw, Hudson & Fearn, and Robert Mott for defendant and appellant :

First—That as the corporation and all its assets are in the hands of receivers duly appointed by the Circuit Court of the United States, all claims, by creditors for money and for priority of rank, should be settled in that court ; and that the exception to jurisdiction should be sustained, and if plaintiff has any claim, it should be transferred to the United States Court.

The rule is universally recognized that where the receiver has been appointed, and the Federal courts have acquired jurisdiction, the State courts will not interfere or entertain jurisdiction affecting the assets of the partnership or corporation, and it is equally true that the Federal courts will not interfere when the State courts have acquired jurisdiction. See High on Receivers, sec. 50, *et seq.*, where all of the authorities are collected. 20 Howard Rep. 583.

Where syndics are appointed for insolvent estates, or where assignees are appointed in bankruptcy, the courts in which such proceedings are taken have exclusive jurisdiction, as in probate courts, where claims for money are made against successions.

Second—That the ordinance does not, in its terms, embrace the New-Orleans Savings Institution, which is not a bank nor a banking company, and that this construction has been acted upon by plaintiff since the incorporation, and that it is neither legal nor equitable that the money held by the receivers, and which belongs for the most part to persons-who have become depositors since the alleged tax accrued, should now be claimed by plaintiff. 96 U. S. 394, (6 Otto).

Third—That there can be no lien upon any present sum of money in the hands of the receivers, and that there is no evidence that such fund, if any exists, constitutes any portion of the personal property of defendant in 1870, or in any year following to 1878.

Fourth—That if there is any privilege and pledge, it must be established in the forum in which the assets are administered contradictorily with creditors there, and if there is no privilege and plaintiff has any claim as an ordinary creditor which is denied the *pro rata* to which they may be entitled, can only be determined in the United States Circuit Court.

The opinion of the court was delivered by

LEVY, J. On the 30th of December, 1878, the city of New Orleans instituted suit in the Third District Court of parish of Orleans, in which the plaintiff seeks to recover of the defendant, the New-Orleans Savings Institution, the sum of nine thousand dollars in the aggregate, being the annual license-tax, at the rate of $1000 per annum for the nine years from 1870 to 1878 inclusive, alleged to be due by the defendant for carrying on a banking business in said city during said years. Plaintiff claims legal interest on the several items from the 28th of February of each year for which the license is charged, and prays for recognition of privilege and right of pledge on the personal property of defendant to secure the amount sued for.

The defendant filed an exception to plaintiff's petition, on the ground that the New-Orleans Savings Institution is not a bank, banking house, banking company, or banking agency ; that it has no capital, nor capital stock, nor stockholders, and is not liable to the tax and license sought to be imposed. This exception was ordered to stand as an answer.

After the institution of the suit, the New-Orleans Savings Institution was placed in liquidation, and by order of the United States Circuit Court, of the 31st of March, 1879, J. H. Oglesby and W. C. Black were appointed receivers. The case was fixed for trial on the 19th June, 1879, and on that day counsel for the defendant suggested to and informed the court of, and offered in evidence the order of the United States Circuit Court appointing the receivers, whereupon the plaintiff insisted upon the trial of the case at that time, but the court, considering that under the circumstances the receivers were necessary parties to the suit, declined to order the trial to continue, and counsel for plaintiff excepted and reserved a bill of exceptions to the ruling of the court, and under protest, proceeded to make the receivers parties to the suit. The receivers were then, on motion of plaintiff's counsel, ordered by the court to be made parties ; and on the same day, the receivers by their counsel entered an appearance, and afterward filed exceptions to the jurisdiction, on the ground that the Third District Court had no right to proceed with the case, because the United States Court had the possession of the said defendant, its assets and effects, and was administering the same and liquidating its affairs, and they prayed for the dismissal of

the suit.  The exception of the receivers was overruled, and there was judgment in favor of the plaintiff and against the defendant, represented by said receivers, for the amount with interest as claimed in the petition, and costs of suit, with privilege and right of pledge on the personal property of the corporation, defendant.  From this judgment the receivers have appealed.

The first question for our decision is :  Are the receivers properly before the court?

They contend, that being appointed by, and officers of the United States Circuit Court, and " having possession of the defendant, its assets and effects, and administering the same, and liquidating its affairs," the State courts have no right to bring them within their jurisdiction, without first obtaining leave of the United States Court.  It seems to be a settled doctrine that a State court is not prevented from entertaining an action and rendering judgment against a receiver appointed by a Federal court, but only from interfering with his possession or from enforcing the judgment in the State tribunal.  High on Receivers, sec. 60.

In section 258 the same author says:  " But it is to be observed, with reference to actions already begun against a debtor, of whose affairs a receiver is subsequently appointed, that the receiver can have no status in court until he has become a party to the action, the proper course, if he desires to be made a party, being to apply to the court for that purpose ; and until this is done, he cannot appear or take any action in the cause."  And in sec. 261 :  " A motion to dismiss an action brought against a receiver, upon the ground that leave of the court was not first had before beginning the action, is waived by the appearance of counsel for the receiver, such appearance being an admission that the defendant has been regularly brought into court.  Want of permission, therefore, to bring the action cannot be urged as a ground for dismissal after such appearance on the part of the receiver."

In this case, the receivers did appear by counsel, thus waiving the necessity of first obtaining leave of their court, and were, therefore, properly before the Third District Court in this cause.

The next question presented for our consideration and decision is :  Is the New-Orleans Savings Institution liable to the license-tax imposed by the city of New Orleans, and sought to be recovered in this action ?  The defendant denies such liability, and avers that the institution is not a bank, banking house, banking company, or banking agency ; that it has no capital, nor capital stock, nor stockholders.

Under its charter, the New-Orleans Savings Institution is authorized to receive on deposit, from all persons, all sums of money from one dollar upward, and to pay out the same by check or otherwise, for

which sums of money interest shall be allowed. The investment of the funds is limited to the purchases of certain bonds, etc., and to loans upon pledge of these securities, and loans secured by mortgage upon unencumbered real estate within the city of New Orleans. The board of trustees is authorized to regulate the rate of interest on deposits, the depositors to receive ratable share of profits, after deducting necessary expenses, etc.

While not combining all the powers which may be exercised by banks, it seems to us no matter by what name it is designated, and although not invested with all the faculties which may attach to banking corporations, that *it is a bank of deposit*, receiving deposits, paying interest thereon, investing those deposits which are placed in a common fund, making loans, and from time to time distributing its profits ratably among the depositors, in the form of interest upon their respective deposits. To our mind this constitutes a banking business, and renders it liable to the payment of the tax imposed by the city of New Orleans under its ordinances, on "banks, banking houses, banking companies, or banking agencies."

Morse on Banks and Banking, p. 38, gives the following definition of banking: "The business or employment of a banker, the business of establishing a common fund for lending money, discounting notes, issuing bills, receiving deposits, collecting the money or notes deposited, negotiating bills of exchange," etc.; and "to constitute an individual a banker, he need not combine all these functions; the exercise of any one of them would suffice."

In 3 Wallace, 507, Justice Clifford, who rendered the opinion of the court says: "Banks in the commercial sense are of three kinds, to wit: 1st, of deposit; 2d, of discount; 3d, of circulation. All, or any two, of these functions may and frequently are exercised by the same association; but there are still banks of deposit, without authority to make discounts or issue a circulating medium."

In 17 Wallace, 118, the same learned justice says: "It is quite clear that the pass-book furnished to the depositor performs the same office as the certificate, check, or draft as between the person making the deposit and the bank," and in regard to the operation of the United States Revenue act of 1866, taxing banks, banking companies, etc.: "Savings banks which receive deposits and lend the same for the benefit of their depositors, if the bank is under obligations to repay the amount when demanded, agreeably to their by-laws and charter, whether upon check, draft, or certificate of deposit, are engaged in the business of banking, within the meaning of the body of the section imposing the tax, though the bank has no capital stock, and does no other business of banking."

As to the privilege and right of pledge on the personal property of the corporation claimed by the plaintiff and awarded in the judgment ·of the court *a qua*, there is no evidence in the record of its registry as required by law. 30 An. 1365.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended by striking out the recognition of the privilege and right of pledge on the personal property of the corporation, defendant, and that in all other respects the said judgment be affirmed ; and that the appellee do pay the costs of this appeal, and the appellant do pay the costs in the lower court.

Rehearing refused.