BREAUX. O. J.
An information was filed' charging the accused with having sold near-beer, a beverage also known as “silver spray,” without first having obtained a license.
During the trial a motion to quash the information was overruled.
The case was submitted upon an agreed statement of facts.
The defendant was found guilty.
tie applied for a new trial, which motion was overruled, and bill reserved.
The court imposed a sentence of $500 and all costs, and, in default of payment, imprisonment for six months.
Recurring to the motion to quash: The defendant objected on the ground that he was prosecuted under section 910 of the Revised Statutes, and that the "section has been repealed by Act No¡ 176, p. 236, of the General Assembly of 1908, known as the “Gay Shattuck law.”
This act has not repealed the section cited supra.
The section in question is not entirely similar. There is a difference between the two, in that section 910 includes intoxicating liquors, while Act No. 176 of 1908 does not. There is a difference between intoxicating and spirituous liquors. An intoxicating liquor may not be spirituous. Commonwealth v. Livermore, 4 Gray (Mass.) 18-20.
Nothing is said in the statute of 1908 about intoxicating liquors different in that respect from the cited section.
Act No. 66, p. 93, of 1902, applies in prohibition parishes.
The court, through Mr. Justice Nieholls, in a well-considered opinion, from which there was no dissent, expressed that opinion in State v. Bailey, 49 South. 101.[1] The court said in that case that section 910 of. the Revised Statutes, as amended by Act No. 68 of 1902, was in full force.
Being in a prohibition parish, the- defendant could not obtain a license.
It is not because he could not obtain a license that he is to be acquitted and go free.
If the construction contended for on the part of the defense were the correct construction, such would be the result.
Evidently that was not intended by the lawmaking authorities of the state, and that is not the law.
In State v. Brown, 41 La. Ann. 771, 8 South. 638, this court held that one is as guilty who sells liquor in a prohibition parish as the one who sells liquor in a nonprohibition parish. The court, in the cited case, held that the distinction attempted to be made could not be sanctioned, and that failure to obtain a license from any cause is a violation of law, citing State v. Kuhn, 24 La. Ann. 474.
There is a law to be enforced where licenses are not issued, as well as in the parishes where they are issued.
Having disposed of this ground of the defense, we pass to a consideration of the motion for a new trial and of the exception taken to the court’s ruling on that motion.
We are informed by the record: That the case was submitted upon an agreed statement of facts, and that, as the case was submitted upon this evidence, the court erred in finding the defendant guilty; that, as made to appear by the agreed statement of facts, he had a license issued by the state and municipality for the year 1909 to sell soft drinks; and that the evidence proved that “silver spray” is not a spirituous drink and does not come within the terms of his license. In other words, that it is a soft drink.
*977 By this agreed statement of facts, it appears that “silver spray” contains less than one-half of 1 per cent, of alcohol, and that no internal revenue license is required by the United States government for its sale.
The evidence to which we have before alluded went to the court without objection.
Objection was urged on the motion for a new trial.
On the application for a new trial it will not be considered whether or not conviction was based on sufficient evidence.
The court will not consider the 'facts nor the sufficiency of the evidence.
The rule was clearly laid down in State v. Peterson, 2 La. Ann. 921, construing the Constitution (article 63) of 1845, which is not different from the present Constitution. The point here involved was decided adversely to the appellant.
This court again adhered to the same view in State v. Nelson, 3 La. Ann. 497. On similar ground the court declined to interfere with the verdict. State v. Snow, 30 La. Ann. 401.
Again, in State v. Beatty, 30 La. Ann. 1267, and in State v. Crawford, 32 La. Ann. 527, the conclusion was the same.
The law relating to the trial of classes of crimes by the court without a jury does not have the effect of enlarging the jurisdiction of this court as relates to facts on appeal.
In the nature of things, there cannot be two rules of proceedings; one when the case is tried by the court alone, and the other when the case is tried before the court and jury. Jurisdiction is fixed by laws which apply with equal force whether the case is tried before the one or the other. The proceedings are similar in each, to wit: The evidence is offered and admitted, the verdict is arrived at, as when the" cash IS tried before a jury.
There was no conclusion of law drawn by' the district judge from the agreed statement of facts which takes the case out of the class, of cases tried on the merits.
The case was not appealable as relates to. facts upon which the conviction was based.
The contention is that the question of( the strength or weakness of the beverage has been considered on appeal by courts of other states and by the Supreme Court of the United States. Sarlls v. United States, 152 U. S. 570, 14 Sup. Ct. 720, 38 L. Ed. 556.
The question in the cases that we have examined, particularly the last-cited ease,, was not brought up on the motion for a new trial.
But let us for a moment concede the position of defendant, urgently pressed upon our attention: The result would be that in all cases tried by, the court alone it would be possible, on application for a new trial, to bring up the evidence of conviction for review upon the facts, if the prosecuting officer and counsel for defendant were to agree upon a statement of the facts and make it part of the record. The court would then have to pass upon the sufficiency of evidence for conviction, although it has been repeatedly held that the court on appeal has no jurisdiction of facts upon which the verdict was based.
In the well-considered supplemental brief counsel urge that it is proper to leave facts to the jury and trust them with the decision upon the facts after having received correct instructions from the court.
May it not be if the jury can be trusted, as stated, that a judge, trained in the law, who passes upon the case without a jury, can also be trusted? His errors are subject to review. If he were to condemn a defendant without evidence of guilt, as suggested by *979 defendant, the defendant is not without remedy, but not by appeal.
For reasons assigned, the judgment is affirmed.

Ante, p. 152.