(52 South. 114.)

No. 18,015.

STATE v. LE BLANC.

In re LE BLANC.

(Jan. 17, 1910. On Application for Rehearing, Feb. 14, 1910.)

*(Syllabus by Editorial Staff.)*

CRIMINAL LAW (§ 1158*)—PROHIBITION (§ 28*)—FINDINGS—CONCLUSIVENESS.

A finding of the trial judge on a trial for selling spirituous liquors in violation of Rev. St. § 910, that near beer or silver spray is a spirituous liquor, based on an agreed statement of facts that the beverage is a beer from which all but one-half of 1 per cent. of the alcohol has been evaporated, and that it cannot be taken into the body in sufficient quantity to produce intoxication, and that the federal government allows its sale without a revenue license, is not reviewable in the Supreme Court on certiorari and prohibition.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1158;* Prohibition, Dec. Dig. § 28.*]

Breaux, C. J., dissenting.

Roman Le Blanc was convicted of selling spirituous liquors, and he applies for certiorari and prohibition. Application dismissed.

See 124 La. 974, 50 South. 814.

Story & Pugh and Howe, Fenner, Spencer & Cocke, for relator. Walter Guion, Atty. Gen., and John J. Robira, Dist. Atty. (R. G. Pleasant, of counsel), for the State.

PROVOSTY, J. The relator was charged under section 910 of the Revised Statutes with having sold spirituous liquors, "to wit, near beer, a certain beverage known as silver spray," at retail without a license.

The case was submitted to the trial judge upon an agreed statement of facts. He found relator guilty and sentenced him to pay a fine of $500. Relator moved in vain for a new trial, and then appealed to this court. This court rejected the appeal, as not involving any question of law, but only a question of fact upon the guilt or innocence of the defendant, of which this court had no jurisdiction.

The question of fact is whether near beer or silver spray is a spirituous liquor. The agreed statement of facts shows that it is beer from which all but one-half of 1 per cent. of the alcohol has been evaporated, and that it cannot be taken into the human stomach in sufficient quantity to produce intoxication, and that the United States government allows its sale without a revenue license. The trial judge's appreciation of these facts led him to conclude that the said beverage is a spirituous liquor. By a settled jurisprudence this court has no jurisdiction to review the trial court's appreciation of the facts upon the question of guilt or innocence, or, in other words, upon the question of whether the evidence adduced on the trial has or not supported the allegations of fact of the indictment. This court has heretofore refused to entertain this jurisdiction, even by writ of review under its supervisory power over inferior courts. State v. Baurens, 117 La. 136, 41 South. 442. This is not a case of arbitrary abuse of authority, but of honest exercise of the discretion vested in the trial judge.

The writ nisi is recalled, and the application of relator is dismissed, at his cost.

On Application for Rehearing.

PER CURIAM. Rehearing denied.

See dissenting opinion of BREAUX, C. J., 52 South. 115.