(53 South. 519.)

No. 18,463.

STATE v. FINK.

(Oct. 17, 1910. Rehearing Denied Nov. 14, 1910.)

(*Syllabus by the Court.*)

1. MINORS—JUVENILE COURT—JURISDICTION.

A charge that an adult has committed an offense against a delinquent minor under the age of 17 years suffices to give the juvenile court jurisdiction of the case, and additional averments as to wherein the child has been found delinquent are mere surplusage.

[Ed. Note.—For other cases, see Infants, Dec. Dig. § 20.*]

2. CRIMINAL LAW (§ 1158*)—APPEAL—REVIEW—FACTS.

On the question whether a child is a delinquent, the Supreme Court has no jurisdiction over the facts.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3074; Dec. Dig. § 1158.*]

3. CRIMINAL LAW (§ 954*) — NEW TRIAL — NEWLY DISCOVERED EVIDENCE — NECESSITY FOR DILIGENCE.

A new trial is properly refused, where the motion does not recite facts showing due diligence to discover and procure evidence.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 954.*]

4. CRIMINAL LAW (§ 972*)—MOTION IN ARREST—SCOPE.

A motion in arrest reaches only defects patent on the face of the record, and cannot be aided by evidence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2423; Dec. Dig. § 972.*]

Appeal from Juvenile Court, Parish of Orleans; Andrew H. Wilson, Judge.

Jacob Fink was convicted of selling pistols to delinquent children, and he appeals. Affirmed.

P. C. Lassalle, for appellant. St. Clair Adams, Dist. Atty., and A. D. Henriques, Jr., Asst. Dist. Atty., for the State.

LAND, J. Convicted and sentenced for selling pistols to delinquent children, the defendant has appealed.

### Jurisdiction.

The affidavit charges that the sales were made to two minors under the age of 17 years, both "being delinquent children, for having purchased and carried a pistol, and also as habitual loiterers." The plea to the jurisdiction raises the question whether the said children belonged to the class "delinquent." It was not necessary for the pleader to set forth in the affidavit the reasons why the said children belonged to the class delinquent. But it appears from the record that their status as such had been previously established by the juvenile court on the charge of purchasing pistols from the defendant, and of carrying the same, and also on the charge of being "habitual loiterers." The defendant assailed the jurisdiction of the court on the general ground that the two children who purchased the pistols were not delinquent children. If the question of status was still open for investigation, the inquiry involves questions of fact over which we have no jurisdiction.

### Motion for New Trial.

On the trial, the defendant attempted to prove an alibi, and testified that he was at Independence, La., on the day the pistols were sold. Defendant also offered several witnesses to prove that he left the city of New Orleans on the day in question. In his motion for a new trial the defendant averred that since his trial he had discovered new and material evidence; that is to say, that he could prove by three named residents of Independence that he was in that town on the date of the alleged sales of the pistols, and that the knowledge of the existence of such evidence had not come to him until after his trial and conviction, notwithstanding all due diligence used to obtain witnesses in his behalf. The motion does not disclose on its face any effort whatever by the defendant to discover and obtain witnesses residing in Independence to prove his presence there on July 3, 1910, a fact which, if true, must have been known to a number of persons in that place. An allegation of due diligence is of no avail, unless based on facts showing what the defendant did to procure the evidence. We therefore are of opinion that the judge a quo correctly ruled that the motion did not disclose due diligence on the part of the accused.

### Motion in Arrest.

This motion is in effect a renewal of the plea to the jurisdiction of the court on the ground that the affidavit does not show that the minors were delinquents, in that they violated the statute against carrying concealed weapons of a dangerous character. We need not repeat what we have already said on the subject of jurisdiction, and cannot consider evidence offered in support of the motion in arrest, which is confined to defects apparent on the face of the record.

Judgment affirmed.