BREAUX, G. J.
This case, which now remains after considerable litigation for the decision of the court, arises upon an application for writs of certiorari and prohibition.
A suit for a writ of mandamus was instituted by relators to compel Ed. Sawyers, owner of an electric light plant in the town of Homer, under a franchise granted by the town, to connect the applicant’s house by wire, and furnish him with light from the electric light plant, on the same terms and conditions as electric light is furnished to other customers and consumers.
The respondent, Sawyers, was unwilling to connect the wires of his plant with applicant’s house although the applicant for a mandamus had complied with all the terms and conditions required.
Relators’ contention was that it was the duty of the respondent, Sawyers, to supply all persons in the town with electric light at uniform rates; that this was the condition of the grant made to him.
They charge that respondent’s conduct was unlawful and arbitrary, and had caused them damages in the sum of $150.
The judge of the district court made the writ peremptory, and rendered judgment in *888 favor of relators condemning the respondent to furnish the light sued for.
The respondent appealed to the Court of Appeal.
On plaintiff's motion, on the ground of want of jurisdiction ratione materim in that court, the appeal was dismissed. The court held that there was no allegation nor i>roof of the value of the service, the cost of the installation nor of the damage which the relators sustained as a result of the refusal of the respondent to furnish light, nor was there proof of any other fact showing that the court had jurisdiction.
The applicant then prayed to this court for a writ of certiorari, which this court denied.
Subsequently, relators caused a writ to issue in the district court in order to execute the judgment, and to compel the respondent to connect relator’s dwelling with necessary wires and furnish the light.
Respondent in the mandamus suit — i. e., Sawyers, the electric light man — refused to execute the judgment.
A rule was taken by relators upon him to show cause why the judgment should not be enforced. .
The respondent, Sawyers, again applied to this court for writs of certiorari and prohibition.
The rule nisi, which is now before us, was issued by this court upon this application.
The following is the relators’ ground for the writs of certiorari and prohibition — to quote literally:
“Relators show that the judgment of the district court in said cause is an absolute nullity; that said court was without authority to render said judgment; that there was no evidence before said court showing any value to plaintiffs’ demand; and it was without jurisdiction ratione mátense.”
That relators have no other remedy.
Of this later.
The district judge in his answer to this rule nisi now before us asserted that the district court had jurisdiction, that no plea to the jurisdiction was filed in his court, and that no question was ever raised in his court justifying the issuing of a writ of certiorari to compel him to cease from executing the judgment. He also invokes that part of the article of the Constitution which reads as follows:
“And all other cases where no specific amount is in contest, except as otherwise provided in this Code”
—as conferring jurisdiction upon his court
Under the constitutional article fixing the jurisdiction of-the district court, it is given authority to act in suits (1) when the amount in dispute exceeds $50, and it also has jurisdiction (2) in all other cases “when no special amount is in contest.” Article 109 of the Constitution.
In the first of the above clauses, the lower limit is controlling when the demand is for a moneyed judgment or for a cause of action having value represented by money.
The Court of Appeal dismissed the appeal for want of jurisdiction.
This did not affect the jurisdiction of the district court. As the issue had never been presented to the Court of Appeal of the want of jurisdiction in the district court, that court could not, and did not, pass upon the jurisdiction of the district court.
The jurisdiction of the latter court is different from that of the Court of Appeal.
The Court of Appeal could not decide (that issue was not presented) that the district court had no jurisdiction.
Even if the Court of Appeal, as to its jurisdiction, committed an error, it is not res judicata which must necessarily affect the jurisdiction of the district court, as the jurisdiction of each presents different questions.
And, again, it may well be that the claim *890 of plaintiff is exaggerated as relates to $100, and is not exaggerated as to the amount of $50, the lower limit of the jurisdiction of the district court.
At any rate, the question is brought here as an original one. It not having been decided that the district court had or did not have jurisdiction, we are not now called upon to pass upon the question.
Generally, all questions are first presented to the court of original jurisdiction.
Prohibition and other remedial writs issue after the question has been considered by the lower court.
First. In conclusion, to sum up: The issues were decided in the district court contradictorily, without the least objection on the score of want of jurisdiction.
Second. The case went to the Court of Appeal, and was dismissed because that court had no jurisdiction.
Third. The decision of the Court of Appeal was reviewed by this court, and the application of relators dismissed.
Fourth. On the second application, we would not be justified in setting aside the judgment, unless we were thoroughly convinced that the district court was without jurisdiction.
Fifth. Brought up here as an original question, we must decline to set aside the judgment because of the asserted want of jurisdiction, based upon the Court of Appeal decision as to its own jurisdiction.
The statement above shows that relators’ only complaint is that the judgment is an absolute nullity on the ground alleged, to wit, want of jurisdiction.
The statement disposes of the case (as relates to mandamus) under the ruling settled by this courtyin a number of cases. State v. Le Blanc, 125 La. 967, 52 South. 114.
For reasons assigned, the rule nisi is recalled, applicant’s petition is dismissed, and the demand of relators refused, at relators’ costs.