BREAUX, C. J.
The defendants, Gaspar Locicero and Joseph Locicero (brothers), were charged with conducting a barroom and with selling intoxicating liquors to a minor under the age' of 10 years.
The first-named defendant was the owner of the barroom, and the other the bartender.
They pleaded not guilty.
The affidavit sets out that the child by whom the intoxicant was bought was a delinquent.
The court found both defendants guilty, and imposed a fine of $50 to be paid by each, and, in default of payment, to serve in the parish prison for a time stated.
From the sentence, the defendant Gaspar Locicero appealed. Joseph Locicero has not appealed.
The first question which presents itself is: Did the juvenile court have jurisdiction?
The plea that the court did not have authority to impose the sentence is based upon the allegation that the minor was not a delinquent.
*1038 We have noted that the affidavit charges the minor with delinquency because she visited a barroom and bought wine.
This was a violation of the statute and an offense, which, under the terms of the law, made her a delinquent, and, as the offense was properly alleged, the court had jurisdiction.
It also appears that the court found as a fact that the child repaired to defendant’s barroom and bought intoxicants.
Furthermore, the statute prohibits any person conducting a cabaret from selling intoxicants to minors and women and confers upon the juvenile court jurisdiction to enforce the prohibition.
See paragraph 6 of Act No. 176 of 1908.
All persons under 17 years of age are enjoined by another statute not to visit any saloon or place of entertainment where intoxicants are sold, exchanged, or given away. Paragraph 9 of Act No. 88 of 1908.
And to the juvenile court is given jurisdiction to compel saloon keepers to obey the injunction of the statute.
The minor was a “delinquent,” and that is the extent of the requirement as’ to the jurisdiction of the juvenile court. State v. Lew Rose, 125 La. 1080, 52 South. 165; State v. Jacob Fink (No. 18,463, decided October 17, 1910) ante, p. 190, 53 South. 519.
The next question presented is whether this court has jurisdiction to pass on a pure question of fact.
It is beyond question that this court, in criminal cases before juries, does not have jurisdiction to pass upon facts considered by the jury in making up its verdict if they are not facts necessary to be considered in connection with the question of law brought up on appeal in the manner required.
The question of guilt or innocence is not reviewable. State v. Scanlan, 52 La. Ann. 2058, 28 South. 211; State v. Bailey, 50 La. Ann. 533, 23 South. 603.
The defendant seeks to distinguish the present case from those cited above on the ground that the evidence shows that the proprietor of the saloon was not present at the time of the selling of the intoxicant, and that the sale was without his knowledge or consent and contrary to his instructions.
This defendant also asserts that this was proven on the trial without objection on behalf of the state, and that this virtually presents a question of law.
The bill of exceptions, containing a statement of these facts, accepted as correct by the trial judge, was taken after the appellant had been found guilty.
The record does not show that the point above stated — that is, the absence and direction of the defendant to his codefendant— was raised at any time before the defendant had been found guilty.
The record should affirmatively show the facts on which reliance is placed to sustain a point of law; otherwise, there is no point of law before the court.
The fact before recited, as stated in the bill of exceptions, went to the judge as any other fact; nothing was said at the time about any question of law.
The evidence was admitted, as stated, without objection.
In a trial before a jury, if evidence is admitted of a fact blended with law, reviewable on appeal, the defendant might obtain the court’s ruling by timely objection and reservation of the point.
If he fails to object, full effect will be given to the evidence.
If defendant chooses, he might obtain instructions from the court by a request to specially instruct the jury, or by excepting to the charge in case of refusal.
Under laws comparatively of recent date, the trial of certain classes of cases is left to the judge; that is, he sits as judge and jury and passes upon the guilt or innocence of the accused.
*1040 Although this change has been made, and the jury is not called upon to try these cases, the rules of law regarding the jurisdiction of this court remain as they were.
Bills of exceptions must he timely taken in criminal cases, tried before the judge alone.
The special plea of defendant for not having had the point before mentioned noted in time is that the exception cannot be taken because there is no point to be raised until after the verdict, as the court has said nothing about it before verdict.
If it be as contended, and the rules of practice cannot be followed for the reason just stated, this court is not authorized to adopt other rules to supply the asserted hiatus.
But, as a matter of fact, is it impossible to raise timely objection?
To answer the question, we will have to go slightly beyond the scope of the decision, and for that reason the answer is illustrative.
Evidence having been admitted without objection, the court might at the time be called upon to pass upon the particular question of law growing out of the evidence just introduced, and, thereby, save the point for future decision. This suggestion affords no occasion for assuming that there is legislation by this court on this point. The only purpose is to suggest a possible remedy to any one having an undisputed right to have a point reviewed. The Constitution grants a right of appeal on the law and the facts. Article 85. That right should not be absolutely denied. The foregoing is unanimously sustained in State v. Anderson, 54 South. 346.
Be that as it may, returning to the original question: We have had to decide a similar point in another case in which the court held that the objection must be made and the bill reserved. The question was fully considered and entirely disposed of the point here at issue. State v. Le Blanc, 124 La. 974, 50 South. 814 (No. 17,714), and Id., 125 La. 967, 52 South. 114.
We cited a number of decisions of this court in support of the decision just cited in which it was expressly held that a point shall not be considered unless brought up by a bill of exceptions timely taken.
In addition, we have referred to the Century Digest and therein found pertinent reference.
In one of the ’ decisions, it was held that the court will not pass on the sufficiency of the evidence unless there is an entire failure to prove; but, where there is no evidence to sustain the verdict, it must be set aside.
Even then, the total want of evidence must, doubtless, affirmatively appear. Century Digest, vol. 15, p. 858.
In the present case for decision, unquestionably there was evidence, whether sufficient or insufficient is not really the question before the court.
In every case the fact must affirmatively appear in order to obtain a decision.
Under our jurisprudence, the statement of the trial judge, as in this case, made after the trial, as to facts and a point not reserved at all before the end of the trial, will not be held as an affirmative showing sufficient under the law.
We will here state that the Le Blanc Case, before cited, came up a second time before this court.
In the second ease, the court passed upon the question similar in some respects to the present case.
See State v. Le Blanc, 124 La. 974, 50 South. 814; In re Le Blanc, 125 La. 967, 52 South. 114.
Going a step further before concluding, we will state, again upon the question of fact, that it was incumbent upon defendant to prove his good faith before the trial court.
Good faith being a fact, it devolved upon *1042 the trial judge to determine whether there was good faith.
See Cyc. on Law & Procedure, vol. 23, p. 208, with notes and authorities cited.
Going still further in this case, were we to consider undecided all that we have before decided, it would remain as a fact that this court would not be justified in setting aside the verdict and judgment.
Briefly stated, the statute in question applies to any person, to quote the word of the statute, “conducting” a barroom.
See first act cited supra.
Whether conducted personally or through agents or employes, it remains, under the terms of the statute, the owner’s duty to see that the statute is not violated.
The licensee is criminally liable for the illegal sale, particularly in the presence of the asserted fact, which nobody disputes, that his employé remained in- his employ after he had sold the intoxicant as before mentioned.
If that which has been heretofore stated were not the law, the law would be shorn of its efficacy, and its evident intention frustrated.
By reason of the law and the evidence being in favor of plaintiff, the judgment is affirmed.
PROYOSTY, J., dissents.