148 So. 708

### STATE v. CAMPBELL.

No. 32311.

May 29, 1933.

J. F. Phillips, of Shreveport, and J. S. Pickett, of Many, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., James U. Galloway, Dist. Atty., and W. S. Johnson, Asst. Dist. Atty., both of Shreveport (James O'Niell, Asst. to Atty. Gen., of counsel), for the State.

ODOM, Justice.

The defendant was prosecuted in the juvenile court for the parish of Caddo under an affidavit which charged that he was a person over the age of 17 years, and that he did "knowingly and wilfully encourage, aid, cause, and connive at, and produce, promote and contribute to conditions which caused a child under the age of seventeen years to do an act or acts constituting delinquency." This charge was brought under Act No. 169 of 1918, p. 322, which makes it a misdemeanor for any person over the age of seventeen years to contribute to the neglect or delinquency of children.

The minor involved is an unmarried female between the ages of 12 and 18 years, and the acts alleged to have been committed by defendant which caused or contributed to her delinquency were that he had had unlawful carnal knowledge of her, with her consent, which is a felony under Act No. 192 of 1912, punishable by imprisonment with or without hard labor not exceeding 5 years. The defendant excepted to the jurisdiction of the juvenile court on the ground that the acts alleged to have been committed by him constituted a felony of which the district court alone had jurisdiction. This exception was overruled, and a bill was reserved.

On the trial of the case the juvenile judge permitted the introduction in evidence of a written report made by the chief probation officer of his preliminary investigation and findings in the case and also permitted the introduction of hearsay testimony, all over the objection of defendant's counsel. Bills of exception were reserved and duly signed by the judge.

Defendant was adjudged guilty and sentenced to serve six months in jail. He appealed.

The state has moved to dismiss the appeal on the ground that this court is without jurisdiction, the sentence actually imposed not exceeding six months imprisonment, no fine being imposed.

Section 10, art. 7 of the Constitution of 1921 provides that:

"The appellate jurisdiction of the Supreme Court shall also extend to criminal cases on questions of law alone, whenever the penalty of death, or imprisonment at hard labor may be imposed; or where a fine exceeding three hundred dollars or imprisonment exceeding six months has been actually imposed."

This provision of the Constitution is not applicable to appeals from juvenile courts. It was expressly so held on rehearing in State v. Trapp, 140 La. 425, 73 So. 255. In several other cases, this court entertained jurisdiction of appeals from juvenile courts, although the fine assessed did not exceed $300 and the imprisonment actually imposed did not exceed six months. In those cases the question of jurisdiction was not raised, and for that reason it may be said that they are not authority on the point. But this court, ex officio, takes notice of its own jurisdiction and dismisses appeals, ex proprio motu, in cases where it has none. If it had been thought that the court had no jurisdiction in those cases, the appeals would have been dismissed, even though the question was not raised. The cases referred to are State v. Apfel, 124 La. 650, 50 So. 613; State v. Boettner, 127 La. 253, 53 So. 555; State v. Locicero, 127 La. 1035, 54 So. 242; State v. Anderson, 127 La. 1041, 1042, 54 So. 344, Ann. Cas. 1912A, 1103; State v. Lew Rose, 125 La. 1080, 52 So. 165, and State v. Fink, 127 La. 190, 53 So. 519.

In some of these cases the opinion itself does not show what punishment was imposed, but an examination of the transcript of appeal shows that in none of them did the fine exceed $300 or the imprisonment actually imposed exceed six months.

The reason why section 10, art. 7, of the Constitution relating to appeals in criminal cases generally does not apply to appeals from juvenile courts outside of the city of New Orleans, is that such appeals are governed by a special provision of the Constitution. Section 54, art. 7, of the Constitution

of 1921 provides that all appeals from juvenile courts shall be to the Supreme Court, and makes no mention of the amount of the fine which must be assessed or the extent of the imprisonment which must be actually imposed in order to give this court jurisdiction.

That section reads as follows:

"Appeals from said courts [Juvenile Courts], other than the parish of Orleans, shall be allowed upon matters of law only, and shall be to the Supreme Court."

A similar provision was in the Constitutions of 1898 and 1913. The juvenile court of the parish of Caddo was created under Act No. 30 of 1924, § 7 of which reads as follows:

"Appeals from the said Juvenile Court for the Parish of Caddo shall be allowed upon matters of law only and shall be to the Supreme Court."

If it had been intended that appeals from juvenile courts to this court should be allowed only in those cases where the punishment imposed exceeded a certain amount, such intent would have been expressed in the Constitution and the act.

The motion to dismiss the appeal is overruled.

2. We find no merit in the exception to the jurisdiction of the juvenile court. Section 6, Act No. 30 of 1924, under which the juvenile court of the parish of Caddo was created, provides that said court shall have jurisdiction "of the trial of all children [except in certain cases] under seventeen years of age who may be charged in said court as neglected or delinquent children, and of all

persons charged with contributing to such neglect or delinquency."

Under section 10 of that act a "delinquent child" is one under 17 years of age who is "immoral" or who knowingly associates "with vicious or immoral persons." The minor involved in this case is an unmarried girl under 17 years of age who was found to be pregnant, and it is charged that defendant caused her downfall. She is immoral and therefore delinquent, which condition, it is alleged, was brought about by her association with defendant, who, if the charge made against him be true, is a "vicious or immoral person." He therefore contributed to the immorality or delinquency of the child, and for his conduct in that respect is amenable to trial and punishment under Act No. 169 of 1918.

▇▇ The fact that the acts alleged to have been committed by defendant constitute a felony under some other law, for which he might have been tried and punished in the district court, does not divest the juvenile court of its jurisdiction of the charge brought against him in that court, that is, the offense of contributing to the delinquency of the child. The purpose of Act No. 169 of 1918 is to protect children under 17 years of age, and the offense therein denounced is separate and distinct from the crime denounced by Act No. 192 of 1912. Act No. 192 of 1912 makes it a felony for any person over 17 years of age to have carnal knowledge of any unmarried female between the ages of 12 and 18 years, with her consent. The act or acts which are made a felony under this statute necessarily contribute to the delinquency of the child, which is a misdemeanor under Act No. 169 of 1918. So that by committing the acts denounced by the statute of 1912 the offender violated two laws and may be punished under either or both.

The exception to the jurisdiction was properly overruled.

▇ 3. On the trial of the case the court permitted the introduction of the written report made by the chief probation officer of his investigation of the case prior to the filing of the charge. This report is a detailed statement of what a certain witness told the officer. It does not appear that either the witness or the probation officer was called. The court also permitted the mother of the delinquent girl to detail conversations which she had with her with reference to her association with defendant and to relate what another daughter and some of her other children had told her about the conduct of the delinquent daughter and her association with defendant. The daughter and other children were not called so far as the record discloses. This testimony was pure hearsay and was objected to on that ground.

The reason assigned by the juvenile judge for admitting the introduction of the written report of the chief probation officer is that the introduction of such testimony is authorized by section 13, Act No. 30 of 1924, which reads in part as follows:

"And the testimony of the probation officer assigned to the case shall be admissible as to the result of his investigation."

The defendant did not object to the "testimony of the probation officer." The record does not indicate that he was called. He objected to a written report made by that of-

ficer purporting to detail what some one else had told him. This report was not the testimony of the officer "as to the result of his investigation."

The hearsay evidence was admitted under that provision in section 13 of the statute to the effect that, on the trial of cases coming under the act, "all facts connected therewith, and all surrounding circumstances, including the environment and the history of the child, together with any other character of evidence, which the court in its discretion may deem proper, shall be admissible."

What the act means by "any other character of evidence" is that the court, in order to determine what is best to be done for or with a neglected or delinquent child, may hear any and all testimony of whatever character it may be which throws any light upon the conditions which caused or influenced the neglected or delinquent state of the child, such as heredity, mental development, and the opportunity therefor, the intelligence quotient, the child's outlook or viewpoint, the mental and moral character of its parents, and associates, and all else which the judge thinks will assist him in determining what is best for the child. This part of the statute has reference rather to the trial of neglected and delinquent children than to trials of those who contribute or bring about such conditions.

The statute cannot be construed to mean that, in cases where persons are being prosecuted in the juvenile court for offenses against minors, the judge shall permit, over the objection of the accused, the introduction of purely hearsay testimony. To so construe the statute would be to hold that it

is, to that extent at least, unconstitutional. Section 9, art. 1 (Bill of Rights) of the Constitution of 1921 provides that "the accused in every instance shall have the right to be confronted with the witnesses against him." This applies to trials in juvenile courts as well as all others.

The trial judge erred in permitting, over the objection of defendant, the introduction in evidence of the written statement above referred to and the introduction of hearsay testimony. These errors are fatal.

For the reasons assigned the conviction and sentence are set aside, and it is ordered that the case be remanded for retrial according to law.