158 So.2d 606

STATE of Louisiana

v.

Lucious THOMAS.

No. 46711.

Dec. 16, 1963.

A. S. Cain, Jr., New Orleans, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Elaine Chauvin, Asst. Dist. Atty., Louise Korns, Asst. Dist. Atty., for appellee.

HAWTHORNE, Justice.

Lucious Thomas, an adult charged in the Orleans Parish Juvenile Court with contributing to the delinquency of a juvenile (a misdemeanor) as denounced by R.S. 14:-92(7), was tried, convicted, and sentenced to serve six months in the parish prison. He has appealed.

Article 7, Section 96, of our Constitution provides for the establishment of the Orleans Parish Juvenile Court and for that court's jurisdiction, procedure, etc. That court has jurisdiction, among other matters, to try adults for certain crimes against children; all of these offenses are misdemeanors. In his statement of appellate jurisdiction in brief filed here, defendant relies on the provision in the second paragraph of Section 96 that "Appeals shall lie to the Supreme Court of the State of Louisiana from all final judgments rendered by the Juvenile Court. * * *"

■ Defendant has apparently overlooked the fact that the appellate jurisdiction of the appellate courts of this state was extensively revised and radically changed by constitutional amendments which were adopted in November, 1958, and became effective on July 1, 1960. Before these 1958 amendments defendant's appeal from the juvenile court's judgment of conviction, like appeals from all other final judgments of that court, would have properly been to the Supreme Court under Sec-

tion 96.[1] However, under the provisions of the 1958 amendment to Article 7, Section 29, of the Constitution (revising the appellate jurisdiction of the Courts of Appeal) appeals in many types of cases which formerly lay to the Supreme Court were vested in the Courts of Appeal. This provision reads in part: "Any provision of this Constitution or law to the contrary notwithstanding the courts of appeal have appellate jurisdiction of the following cases of which the Supreme Court is not given appellate jurisdiction under Article VII, Section 10 of this Constitution; all matters appealed from the family and juvenile courts, except criminal prosecutions against persons other than juveniles * * *." Thus the Courts of Appeal are not vested with appellate jurisdiction of appeals from the Orleans Parish Juvenile Court in criminal cases where adults have been convicted in that court for offenses against juveniles. The question, then, is whether an adult convicted of a misdemeanor in the Orleans juvenile court has the right of appeal to the Supreme Court under the 1958 constitutional provisions which have revised the appellate jurisdiction of the Supreme Court.

Under the 1958 amendment to Article 7, Section 10, which, as stated, became effective in 1960, the appellate jurisdiction of the Supreme Court is now restricted to five types of cases, and this article as amended provides that "The following cases *only* shall be appealable to the Supreme Court". (Italics ours.) One of the five types of cases appealable to this court is criminal cases in which the penalty of death or imprisonment at hard labor may be imposed or in which a fine *exceeding* $300.00 or imprisonment *exceeding* six months has been actually imposed. Art. 7, Sec. 10(5).

■ This 1958 constitutional amendment revising our appellate jurisdiction provides that certain types of cases *only* shall be appealable to the Supreme Court, and thus has limited our appellate jurisdiction to the particular types of cases specifically enumerated. The present case is not one of those types since it is a criminal case in which the defendant, charged with and convicted of a misdemeanor, was given a sentence of imprisonment which does not exceed six months. The only way on appeal now lies to this court in a criminal case from the juvenile court is under the provisions of Article 7, Section 10(5), since the limitation implicit in the word "only" in the constitutional provision concerning our appellate jurisdiction precludes our taking jurisdiction of appeals in such cases under Article 7, Section 96, as we formerly could do.[2]

1. See also Art. 7, Sec. 52, La.Const. of 1921; State v. Campbell, 177 La. 559, 148 So. 708.

2. The word "only" did not appear in Article 7, Section 10, before the appellate revision.

Since the revision of appellate jurisdiction in this state, the right of appeal of persons convicted of crimes in the Criminal District Court for the Parish of Orleans, or in the district courts throughout the state, and the right of appeal of adults convicted in juvenile court are now controlled by the same constitutional provision, Article 7, Section 10(5).

Under Article 7, Section 10, as it now reads, the instant case can reach this court only under our supervisory jurisdiction, and the procedure under which it may be brought up to us is set forth in Section 2 of the Rule XII of this court.[3] Since the sentence imposed upon defendant here falls below the Supreme Court's minimum jurisdictional limits in criminal cases, this appeal must be dismissed, and our lack of jurisdiction must be noted by us even in the absence of a plea to our appellate jurisdiction. State v. Roy, 152 La. 933, 94 So. 703; State v. King, 167 La. 350, 119 So.

252; State v. Varnado, 208 La. 319, 23 So. 2d 106.[4]

For the reasons assigned the appeal is dismissed.

3. Rule XII, Section 2, reads:
"The party or attorney intending to apply to this court for a writ of certiorari or review, or for any remedial writ, shall give to the judge or judges whose ruling is complained of, and to the party made respondent, or parties made respondents, notice of such intention.
"Upon such notice being given to the judge, he shall fix a reasonable time within which the application shall be filed in this court, and may in his discretion stay further proceedings; provided that upon proper showing the judge may by order extend the time for such filing.

Any application not filed in this court within the time so fixed or extended will not be considered unless the applicant establishes to the court's satisfaction that the delay in filing was not due to his fault. * * * " See also Section 2 of Act 82 of 1950, R.S. 13:1573, which governs the procedure in criminal trials of adults coming within the jurisdiction of the juvenile court.
4. After the case was submitted and after this opinion was written, the State filed a motion to dismiss the appeal for want of appellate jurisdiction, and this motion, for the reasons set out above, has merit.