175 So.2d 825

**STATE of Louisiana**

v.

**Ernest ABADIE.**

No. 47651.

June 7, 1965.

Louis A. Heyd, Jr., New Orleans, for defendant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Elaine Chauvin, Asst. Dist. Attys., for appellee.

HAMITER, Justice.

Ernest Abadie, the defendant herein, was charged by affidavit in the Juvenile Court of Orleans Parish with having committed the crime of indecent behavior with juveniles in violation of LRS 14:81. From his conviction, as well as his sentence to serve two years in the parish prison, he is appealing.

■ At the outset we note that defendant labors under the misapprehension that jurisdiction of this appeal is governed by Article VII, Section 96 of the Louisiana Constitution. To the contrary, since the constitutional amendment of various sections of such Article (Act 561 of 1958) which effected a general revision of appellate jurisdiction, appeals in cases involving an adult convicted in a juvenile court of a criminal offense are governed by the provisions of Article VII, Section 10 of our Constitution. See State v. Thomas, 245 La. 444, 158 So.2d 606 and State v. Maricle, 245 La. 439, 158 So.2d 604. Accordingly, under the latter section, our review of the conviction and sentence appealed from herein is limited to questions of law alone.

There is only one assignment of error urged by the defendant, it being that " * * * the court erred in overruling the motion for a new trial based on the fact that there was insufficient evidence under the law to convict Ernest Abadie, * * *."

■■ Our jurisprudence is well settled that the matter of the sufficiency of the evidence on which a conviction is obtained presents on an appeal merely an issue of fact. "It is only when there is no evidence at all of some essential element of the crime charged that the Court may set aside a verdict. Where there is some evidence to sustain the conviction, no matter how little, this Court cannot pass upon the sufficiency

thereof. That comes within the exclusive province of the trial judge and jury." State v. Copling, 242 La. 199, 135 So.2d 271. See also State v. Di Vincenti, 225 La. 689, 73 So.2d 806, State v. Bueche, 243 La. 160, 142 So.2d 381, State v. Cox, 244 La. 1087, 156 So.2d 448, and State v. Richard, 245 La. 465, 158 So.2d 828.

■ Our review of the record before us leads only to the conclusion that there was convincing evidence adduced relating directly to the defendant's commission of the act denounced by the statute under which he was charged. However, because of the nature of the offense and of the act committed, we shall not detail in this opinion the testimony elicited from the two police officers who were called to the scene and from the mother of the juveniles, all of whom witnessed defendant's reprehensible conduct. Also, there was supporting proof furnished by a neighbor.

■ Without merit is defense counsel's contention that the failure of the state to call as witnesses the three juveniles involved was fatal to the prosecution's case. The oldest was five and one-half years of age at the time of the commission of the alleged offense. We entertain serious doubt as to the propriety of compelling testimony from children of such age, particularly in a case of this nature. Moreover, no authority has been cited by counsel, and we know of none, which supports the proposition that the

adult eye-witness account of what transpired is insufficient to convict on a charge of indecent behavior with a juvenile.

For the reasons assigned the conviction and sentence are affirmed.