205 So.2d 42

**STATE of Louisiana**

v.

**Robert FOX.**

No. 48609.

Dec. 11, 1967.

Frank M. Edwards, Jr., Amite, Henry A. Mentz, Jr., Hammond, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Duncan S. Kemp, Dist. Atty., Leonard E. Yokum, Asst. Dist. Atty., for plaintiff-appellee.

HAWTHORNE, Justice.

This is an appeal from a conviction for murder. Ellis Varnado was waylaid, robbed, struck on the head with a length of pipe, and died as a result of the injury. Robert Fox was charged with Varnado's murder, tried before a jury, found guilty,

and sentenced to death. For a reversal of his conviction on appeal he relies on several bills of exception.

Bill of Exception No. 1 was reserved under the following circumstances: A prospective juror was challenged for cause by defense counsel on the ground that he had formed an opinion of the case which could not be overcome except by evidence produced by the defense. When this juror was challenged, the court examined him and after examination excused him. It is defendant's contention that the judge in so doing acted arbitrarily and unreasonably because he neither expressly sustained the defense's challenge for cause nor expressly excused the juror peremptorily.

■ There is no merit in this bill. The juror was objectionable to the defense, as shown by its challenge for cause, and what the judge did, actually if not expressly, was to sustain this challenge, evidently because he considered the juror incompetent. Certainly the accused was not prejudiced in any way.

Bills Nos. 2, 3, 7, 8(A), 10, and 11 all relate to the same matters. At the beginning of the trial counsel for the accused moved for sequestration of all witnesses and asked for a list of the State's witnesses to insure that sequestration would be observed. The court granted the motion for sequestration of all witnesses but refused to compel the State to furnish a list of its witnesses, and also denied a motion to limit the State's witnesses to those named on the back of the indictment.

■■ There is no allegation or showing that any witness violated the order of sequestration, and we know of no law or authority which limits the State's witnesses to those whose names appear on the reverse of the indictment. Moreover, it is well settled in the jurisprudence that the State is not required to furnish the defendant with a list of its witnesses. State v. Andrus, 250 La. 765, 199 So.2d 867, and numerous authorities there cited.

During the trial the brother of the victim, who had seen and identified Varnado's body in the morgue, was called as a witness. He identified a picture of the deceased taken in the morgue as that of his brother as he had looked when seen and identified in the morgue. Counsel objected to this testimony and also to the introduction into evidence of the picture itself. The basis of the objection to the testimony and to the introduction of the picture, embodied in Bills Nos. 4 and 6,[1] was that the witness did not take the picture or have it in his possession.

■ It is the well settled rule that a picture to be introduced in evidence need not be verified by the photographer who took the picture, and that the sufficiency

---

I. This bill, reserved as No. 5, was perfected as No. 6; there is no Bill No. 5 in the transcript.

of the verification is a matter largely within the discretion of the trial judge. In the instant case the district judge did not abuse his discretion when he considered verification of the photograph by the deceased's brother, who had identified the deceased in the morgue, sufficient for the introduction of the picture into evidence. Certainly this witness was one who had sufficient knowledge of the subject to say that the photograph was a faithful representation of the deceased as he had appeared in the morgue. See State v. Borde, 209 La. 905, 25 So.2d 736; Scott's Photographic Evidence (1942), secs. 602, 603, 605, 606.

Bill of Exception No. 8 was reserved during cross-examination of a deputy sheriff who had participated in the investigation of the crime for which the accused was being tried. The testimony made a part of the bill discloses that counsel for the accused had asked the witness several times for the names and identities of others who had been suspected of the crime, and that on each occasion the witness had replied that he did not remember the names of any other suspects. Upon further repetition of the question the State objected, and the judge sustained the objection, stating that the witness "just said he doesn't remember". This ruling of the judge is the basis of the bill.

■ Since the witness had answered repeatedly that he did not remember the

identity of any other suspects, the trial court did not abuse its discretion in terminating this line of questioning upon the State's objection. See former R.S. 15:369; State v. Thompson, 161 La. 296, 108 So. 543.

Bill of Exception No. 9 was reserved when the trial judge overruled defense counsel's objection to the admission of a statement of the defendant on the ground that he had not been advised of his right to counsel and had not waived his right to counsel at the interrogation. All of the testimony relevant to the taking of the statement is made a part of this bill.

The accused was taken by the deputy sheriffs investigating the crime from his place of work to the scene of the crime for the purpose of comparing the boots he was wearing with boot prints there. When it was seen that the prints matched his boots, the defendant there at the scene related to the deputies how he had committed the crime. His statement was afterwards reduced to writing at the sheriff's office, and he signed it. The proper foundation was laid under our law for the admission of confessions—that is, proof was made before its admission that it was freely and voluntarily given. The defendant, however, contends that certain federal standards binding on the states were not met, relying on Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964),

and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

In Escobedo the United States Supreme Court recognized that the right to counsel extends to the interrogation stage of criminal proceedings when the process has shifted from investigatory to accusatory, and held that it was error to deny the defendant there his counsel when he had asked to see his attorney during the interrogation by police at the police station. In Miranda the court laid down certain guidelines to be followed by officers before the interrogation of suspects, including advising the suspect of his right to counsel and his right to have counsel appointed for him if he cannot afford counsel.

▬▬ In Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, the Supreme Court held that the Miranda decision would apply only to cases in which the trial began after the date of the Miranda decision, June 13, 1966. Since trial of the instant case commenced on November 9, 1964, Miranda does not apply here. It was therefore not incumbent upon the State to show that the deputies had advised the accused of his right to counsel before interrogating him. Moreover, in the present case the defendant did not ask for counsel and have counsel denied him so that no violation of the Escobedo decision occurred here. This bill is therefore without merit.

▬▬ Bill of Exception No. 12 was taken to the admission in evidence, over counsel's objection, of defendant's boots, which, as stated in our discussion of Bill No. 9, matched the footprints at the scene of the crime. In support of this bill counsel make the same argument as that urged in Bill No. 9 in regard to the admission of defendant's statement. What we have said there in reference to that argument is applicable here, and therefore need not be repeated.

▬▬ The bill, however, contains the statement that objection was made to the admission in evidence of the boots because they were taken from the defendant "without any arrest or search warrant". According to the testimony taken at the trial at the time this bill was reserved and attached to the bill, no such objection was made, and its incorporation into the bill appears to have been an afterthought. In any event, the objection cannot be considered under the holding of this court in State v. Davidson, 248 La. 161, 177 So.2d 273, that if the defendant wishes to exclude evidence obtained by illegal search or seizure in violation of his constitutional rights, he must file a pre-trial motion to suppress the evidence, or otherwise he cannot afterwards object to the evidence except by showing surprise or lack of opportunity to file such a motion.

Bill No. 13 was taken to the denial by the trial judge of defendant's motion for

a mistrial on the ground, as stated in the bill, that "the State's evidence fell short of the inflammatory opening statement of the State". The colloquy attached to the bill shows that counsel for the accused moved for a mistrial, contending that there was only one blow of traumatic origin and that this blow was not sufficient to cause the death of Varnado. The district attorney, on the other hand, took issue with this statement of fact. The trial judge considered the matter a question of fact for the jury to decide, and charged the jury that they were to try the case solely on the evidence adduced and the law as given by the court, and must disregard any statement by counsel for the State or counsel for the defense.

In this court counsel for defendant in support of this bill argue that the State failed to prove the guilt of the accused beyond a reasonable doubt. This contention presents nothing for our consideration. This court's appellate jurisdiction in cases of this kind extends to questions of law alone, and not to questions of fact such as the sufficiency of the evidence. State v. Abadie, 247 La. 1043, 175 So.2d 825, and authorities cited.

Bill No. 14 was taken to the refusal of the trial judge to give the jury a special charge requested by defense counsel. The court refused to give the charge on the ground that it was "submitted after argument and came too late".

Former R.S. 15:390 provides that both the prosecution and the defense have the right to present to the court, before argument, any written charge or charges and request that they be given. This court has held that this provision is only directory, and that either side may request special charges after the delivery of the general charge. See State v. Dooley, 208 La. 203, 23 So.2d 46, and authorities cited. Here, however, the general charge is not in the transcript, and the requested special charge is not in the record or attached to or made part of the bill. For this reason we cannot determine whether the special charge requested was wholly correct and wholly pertinent and not covered by the general charge, as must be the case before the court is required to give such a requested special charge. Former R.S. 15:390. Hence we cannot say that the refusal to give the special charge was prejudicial to the defendant.

For the reasons assigned the conviction and sentence are affirmed.