334 So.2d 207 (1976)
STATE of Louisiana
v.
Aaron L. FREETIME.
No. 57476.
Supreme Court of Louisiana.
June 21, 1976.
*208 R. Lee McDaniel, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Aaron L. Freetime was indicted by the Orleans Parish grand jury on February 22, 1973 for the murder of Helen Green on January 18, 1973 in violation of La.R.S. 14:30. After trial by jury, defendant was found guilty of manslaughter and sentenced to serve twenty-one years at hard labor. On appeal, his conviction and sentence were reversed and the case remanded to the district court for a new trial. State v. Freetime, 303 So.2d 487 (La.1974). Defendant was retried by jury on the same *209 indictment for manslaughter and was found guilty as charged. He was subsequently sentenced to serve twenty-one years at hard labor with credit for time served from February 7, 1973. On this appeal, his relies on two assignments of error for reversal of his conviction and sentence.

ASSIGNMENT OF ERROR NO. 1

(Bills of Exceptions Nos. 3 and 4)
These bills of exceptions were reserved when the trial judge overruled defendant's objections to the introduction into evidence by the state of two photographs of the deceased victim. One of the photographs (S-1) was taken of the victim at the morgue; the other photograph (S-2) was taken at the point where the victim's body was discovered. Defendant contends that the state failed to lay a proper foundation for the introduction into evidence of these photographs.
It is a well-settled rule that a photograph need not be identified by the person who took it to be admissible in evidence. State v. Browning, 290 So.2d 322 (La.1974); State v. Mitchell, 278 So.2d 48 (La.1973); State v. Fox, 251 La. 464, 205 So.2d 42 (1967). Generally, photographs are admissible in evidence when they are shown to have been accurately taken, to be a correct representation of the subject in controversy and when they tend to shed light upon the matter before the court. State v. Lacoste, 256 La. 697, 237 So.2d 871 (1970). Sufficiency of identification of a photograph for purpose of admissibility thereof into evidence rests largely within the discretion of the trial judge. State v. Fox, supra.
In the instant case, Dr. Waldo Bernard, assistant coroner, testified that, according to the Autopsy Protocol (S-6) and the Proces Verbal (S-7), official records of the coroner's office, Helen Green (victim) was pronounced dead at the scene at 9:27 a. m. on January 19, 1973. Cause of death was listed as a depressed fracture of the skull with laceration of the brain and massive hemorrhage on the side of the head resulting from a blow with a blunt instrument. Dr. Bernard was then shown S-1 which he identified as an official photograph from the coroner's office showing the victim of the instant crime, and on the back of S-1 appeared "Helen Green, date 1/19/73 10:00 A.M., photograph number 11816."
The basis of defendant's objection is that on cross-examination Dr. Bernard testified that he did not actually examine Helen Green and never saw her; that he had not taken the photograph himself and had no knowledge of it other than the fact that it was part of the coroner's records.
There is no merit to this contention. In addition to the testimony of Dr. Bernard, Willie Collins, common-law husband of Helen Green for eight years, identified S-1 as a photograph of Helen Green. Also, Officer George Heath, who investigated the death of Helen Green, testified that S-2 was a photograph of Helen Green at the scene where her body was recovered. He further stated that, while he did not take the picture himself, it was taken under his direction and that it accurately depicted the scene where the body of the victim was recovered. Clearly, the testimony of these witnesses identifying the photographs (S-1 and S-2) constituted an adequate foundation for receiving them in evidence at trial. The trial judge did not err in his rulings. Accordingly, this assignment of error is without substance.

ASSIGNMENT OF ERROR NO. 2

(Bill of Exceptions No. 6)
This bill of exceptions was reserved when the trial judge denied defendant's motion for a directed verdict of acquittal at the close of the state's case, based on the ground that the state did not prove intent by the requisite independent evidence over *210 and above the confession of defendant. Defendant does not argue this point on appeal. Rather, in brief, he argues that the state failed to prove by independent corroborating evidence over and above his confession an alleged element of the corpus delicti, i. e., that defendant committed the crime.
First, R.S. 15:445 states that "though intent is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the transaction." The circumstances surrounding the killing of Helen Green suggest an intent to kill on the part of defendant. Finding some evidence from which intent can be inferred, this court cannot on appeal pass upon the sufficiency thereof.
Secondly, it is well established that an accused party cannot be legally convicted on his own uncorroborated confession without proof that a crime has been committed by someone; in other words, without proof of the corpus delicti. State v. Sellers, 292 So.2d 222 (La.1974); State v. Brown, 236 La. 562, 108 So.2d 233 (1959); State v. Calloway, 196 La. 496, 199 So. 403 (1940); State v. Morgan, 157 La. 962, 103 So. 278 (1925).
In the instant case, Dr. Waldo Bernard testified that Miss Green's death was caused by a skull fracture with laceration of the brain and massive hemorrhage on the side of the head resulting from a blow with a blunt instrument. John F. Palm, Jr., criminalist, testified that he examined two pieces of brick brought to the crime lab in connection with this case from which human blood and hair samples were removed. The hair had characteristics of the negroid race. Officer George Heath testified that at about 8:50 a. m. on January 19, 1973, the day following the commission of the crime, he was directed to the area where the body of Helen Green was found lying in some brush. The body had been discovered that morning by a truck driver. Officer Heath also identified the two bricks that were removed from the scene and thereafter taken to the crime lab.
It is our opinion that the state proved the corpus delicti of the crime charged to defendant, i. e., that Helen Green was the subject of an unlawful homicide and the unlawfulness of some person's conduct caused her death. This proof was established by evidence independent of defendant's confession. Proof that defendant was the person who engaged in this unlawful conduct is of course necessary for a conviction, but it is not an element of the corpus delicti. 1 F. Wharton, Criminal Evidence, § 17, at 27 (13th ed. C. Torcia 1973); 3 id. § 691, at 482.
The trial judge correctly denied defendant's motion for a directed verdict. Assignment of Error No. 2 is without merit.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.