353 So.2d 1001 (1977)
STATE of Louisiana
v.
James J. ROBINSON.
No. 60147.
Supreme Court of Louisiana.
December 19, 1977.
Rehearing Denied January 27, 1978.
*1002 Ford T. Hardy, Jr., Wootan, Howcott & Whittington, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, *1003 Dist. Atty., Charles Brandt, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged the defendant, James J. Robinson, with armed robbery, a violation of LSA-R.S. 14:64. A jury returned a guilty verdict. The court sentenced him to thirty years imprisonment without benefit of probation, parole, or suspension of sentence.
The defendant appeals. He relies on six assignments of error for reversal of his conviction and sentence.
We adduce the following context facts:
The defendant approached the victim, Melvin Light, to apologize for a previous fight. Although Light accepted the apology, he banned the defendant from his lounge. As Light turned toward the defendant, the defendant sprayed "Halt" into his eyes. (Halt is a chemical agent postmen carry for protection against dogs.) Then, the defendant beat him with his fists. Before leaving, the defendant rifled his pockets and stole approximately $125.

ASSIGNMENTS OF ERROR NOS. 1 AND 5
The defendant challenges the admission of S-1 through S-4, photographs of the victim's face.
Initially, he alleges that photographs of the victim's injuries have no probative value in an armed robbery prosecution, and thus, are prejudicial.
For admission, a photograph's probative value must outweigh any prejudicial effect upon the jury, and it must be relevant to a material issue at trial. State v. Redwine, La., 337 So.2d 1041 (1976); State v. Cooper, La., 334 So.2d 211 (1976); State v. Smith, La., 327 So.2d 355 (1975).
S-1 through S-4 are black and white photographs of the victim's face. They depict his condition after the armed robbery: swollen, cut, and bruised. (The two cuts, less than one inch long, were stitched.)
We do not find the photographs particularly gruesome. Although the area about his eyes is puffy, his features are not distorted. In any event, they are not "so gruesome as to `overwhelm reason' and cause a jury to lose sight of the need for the prosecutor to establish with sufficient independent evidence the guilt of the accused." State v. Smith, supra.
Moreover, we find the photographs relevant to a material issue and of high probative value. In an armed robbery prosecution, the State must prove that the defendant used force or intimidation during the taking. LSA-R.S. 14:64; State v. Redwine, supra; State v. Hatch, La., 305 So.2d 497 (1974). The victim was the sole witness to the armed robbery. He testified that the defendant beat him. The photographs show evidence of a beating. Thus, the photographs corroborated his testimony that the defendant used force to commit the armed robbery, an essential ingredient of the crime. State v. Holland, La., 297 So.2d 413 (1974).
We hold that the photographs are relevant and that their probative value outweighs any possible prejudice.
The defendant's second attack on the photographs concerns the State's foundation for their admission. He avers that the State should have called the photographer to testify to their development process.
In State v. Freetime, La., 334 So.2d 207, 209 (1976), this Court stated:
"It is a well-settled rule that a photograph need not be identified by the person who took it to be admissible in evidence. State v. Browning, 290 So.2d 322 (La.1974); State v. Mitchell, 278 So.2d 48 (La.1973); State v. Fox, 251 La. 464, 205 So.2d 42 (1967). Generally, photographs are admissible in evidence when they are shown to have been accurately taken, to be a correct representation of the subject in controversy and when they tend to shed light upon the matter before the court. State v. Lacoste, 256 La. 697, 237 So.2d 871 (1970). Sufficiency of identification of a photograph for purpose of *1004 admissibility thereof into evidence rests largely within the discretion of the trial judge. State v. Fox, supra."

Officer Woods was present at the hospital when the photographs were taken. He testified that they accurately reflect the victim's condition. As the photographs were relevant to the issue of force (as discussed above), the State laid a proper predicate for their admission.
In conclusion, we hold that the court correctly admitted the photographs of the victim into evidence.
These assignments of error are without merit.

ASSIGNMENTS OF ERROR NOS. 2, 3, AND 4
The defendant contends that the court erred in overruling his challenges for cause as to three prospective jurors.
The first prospective juror was Thomas Quinlan. He works part-time as a desk supervisor for a private security firm. (He never did field work.) In addition, he was commissioned to carry a gun and authorized to make arrests. The second was Leo Newman. He is a private security guard and his son is a policeman. Newman has arrested suspects in his line of duty.
The defense contends that their involvement in law enforcement renders them partial, since they would naturally favor the testimony of the police and victims.
Service on a criminal jury by one associated with law enforcement duties must be closely scrutinized, and may justify a challenge for cause. State v. Madison, La., 345 So.2d 485 (1977). However, such association does not automatically disqualify a prospective juror. See State v. Ballard, La., 337 So.2d 481 (1976); State v. Wilkerson, La., 326 So.2d 353 (1976); State v. Reese, 250 La. 151, 194 So.2d 729 (1967). A juror's relationship to one associated with law enforcement only disqualifies him if the relationship is "such that one might reasonably conclude that it would influence the juror in arriving at the verdict." State v. McClure, 258 La. 999, 249 So.2d 109, 113 (1971). State v. Calloway, La., 343 So.2d 694 (1976).
This Court will not reverse a ruling which denies a challenge for cause if, on review of the entire voir dire examination, the juror demonstrates a willingness and ability to decide the case impartially according to the law and evidence. State v. Passman, La., 345 So.2d 874 (1977), and the numerous cases cited therein.
Both prospective jurors testified that their affiliations would not prevent them from being fair and impartial; that they would not give additional weight to the police's testimony; that they would try the case in the same manner as they would expect to be tried. Based on a reading of the entire voir dire, we conclude that the trial judge did not abuse his discretion in denying the challenges for cause.
The third prospective juror was Mrs. Philip Habar. Defense counsel twice asked her if she would acquit the defendant of armed robbery even if she thought him guilty of other misconduct. She first answered "yes," but the second time she said, "maybe not." Counsel argues that her second response indicates that she would be a partial juror.
An examination of the entire voir dire supports the trial judge's finding Mrs. Habar an impartial juror. In responding to both the court's and counsel's questions, she later stated that she could return a not guilty verdict on the armed robbery charge even if he committed another crime.
These assignments of error are without merit.

ASSIGNMENT OF ERROR NO. 6
The defendant complains of the denial of his motion for a new trial.
The motion states, in pertinent part:
"The verdict of the jury rendered against him . . . is contrary to the law and evidence in the following particulars:

*1005 "A. The jury finding that the can of `Halt' spray, was a dangerous weapon within the meaning of LRS 14:2(3) is clearly contrary to the evidence presented by the defense at trial, and the law of the State of Louisiana;
"B. The jury finding that defendant, James J. Robinson, robbed Melvin Light is further contrary to the evidence presented by the defense at trial.
"Defendant is aggrieved by the said verdict of the jury, and desires and is entitled to a new trial, pursuant to Louisiana Code of Criminal Procedure, Article 851(1) [that the verdict is contrary to the law and the evidence.]"
It is well settled that where a defendant assigns error to the denial of a motion for new trial grounded on an allegation that the verdict is contrary to the law and evidence, he presents nothing for our review. State v. Anthony, La., 347 So.2d 483 (1977); State v. Finley, La., 341 So.2d 381 (1976); State v. Brown, La., 337 So.2d 484 (1976); State v. Jack, La., 332 So.2d 464 (1976); State v. Woods, La., 327 So.2d 405 (1976).
Nevertheless, assuming that the assignment properly raises the legal question of the complete absence of evidence to support a finding that the defendant used a dangerous weapon, we have reviewed the record and find there is some evidence of this essential element of the crime.
This assignment of error is without merit.
For the reasons assigned, the conviction and sentence are affirmed.