CARTER, Judge:
Defendant, Melvin Charles Stokes, Jr., was charged by a grand jury indictment with aggravated rape in violation of La.R.S. 14:42(2).[1] Defendant was tried by a twelve-person jury, which unanimously found him guilty as charged. He was sentenced to life at hard labor without benefit of probation, parole or suspension of sentence. The defendant appeals his conviction and sentence specifying one assignment of error, viz., the trial court’s denial of his motion for a new trial in which he alleged that there was insufficient evidence to support the guilty verdict.
FACTS
Around midnight between May 14th and May 15th, 1979, the victim, a seventy-nine year old retired school teacher, who resides in the county approximately six miles outside of Clinton, Louisiana, was beaten and raped by an unidentified black man. She was awakened from her sleep by a noise, which sounded like the screen of her bedroom window being torn from its hinges. A black man entered her bedroom through this window. When she attempted to scare off the intruder by attempting to strike him with a chair, he attacked her. Hitting her in the face with his fist several times, the assailant busted the victim’s lip. The assailant then went through the victim’s purse, taking $10.00 and her Mastercharge credit card. When she turned on a flashlight to try to see what was happening, the man took the flashlight from her and hit her on the head with it, causing a laceration of the hairline. By that time, the victim was bleeding severely from the hairline gash and the cut lip. The intruder then raped her. After the rape, the assailant nearly strangled the victim, clinching his fingers tightly around her throat.
As the intruder was leaving, he pulled the telephone wires from the wall and told her not to report the incident to the police or he would come back to “finish her off.” The victim, not knowing whether the rapist was still in the area, was afraid to turn on any lights and sat in darkness until the light of early dawn. She then went to a neighbor’s house and called the Sheriff’s office.
The victim could not identify the man who raped her. She only knew that he was a black man. There had been only one light on outside the house, and no lights were ever turned on inside the house during the offense against her. The scene of the crime remained in darkness except for the flashlight, which had been taken from her before she could direct its beam on the intruder. The result is that the victim never saw her attacker except in complete darkness.
When the East Feliciana Sheriff’s office commenced their investigation of the of *1310 fense, they discovered that the defendant, a resident of Jefferson Parish, was in the area visiting friends. When the law enforcement officers went to the residence where the defendant had been staying, they recovered the stolen Mastercharge credit card in the nearby woods.
Following an extensive man hunt, the defendant was apprehended and read his rights. At first defendant admitted that one of his friends had dropped him off in the vicinity of the victim’s home and that he intended to break into her home to steal whatever he could. He stated, however, that when he was examining the back door of the house, he heard profanity and noises inside the house and that he immediately left the area. Stokes later confessed to having committed the crime and set forth in considerable detail the circumstances thereof. The statement was handwritten by one of the officers and signed on each page by defendant.
Also, defendant’s palm print was found on the inside surface of the screen of the back door of the victim’s house.
ASSIGNMENT OF ERROR NO. 1
In defendant’s sole assignment of error, he urges that the trial court erred in denying his motion for a new trial. Defendant asserts that the motion should have been granted because the state failed to show evidence of every essential element of the crime of aggravated rape.
In reviewing a denial of a motion for new trial on the basis of sufficiency of the evidence, we look to the standard enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The reviewing court is required to consider the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found that the defendant’s guilt was proved beyond a reasonable doubt. State v. Washington, 421 So.2d 887 (La.1982).
Defendant argues that the only real link between himself and the rape is his confession, which he contends was not voluntary. He alleges that the officers threatened him and lied to him. Specifically, he alleges that the officers told him he could not see an attorney for seven days and that, if he did not give them a statement to their satisfaction, they would kill him and make it look like he had tried to escape.
Although defendant made these allegations at trial, we can find no evidence in the record that a motion to suppress the statement was urged or that there was an objection at trial to the introduction of the statement into evidence on the basis of its volun-tariness.
Undoubtedly, the jury considered all of these factors in reaching its verdict. Apparently, the jury considered defendant’s allegation of coercion in determining what weight to give the confession and found the officers' testimony more believable, choosing to rely on the confession and other evidence. When there is conflicting testimony as to a factual matter such as this, the question of the credibility of the witnesses is within the sound discretion of the trier of fact and its determinations are entitled to great weight and will not be disturbed unless clearly contrary to the evidence. State v. Klar, 400 So.2d 610 (La.1981).
Additionally, we do not agree that the only link between defendant and the rape is defendant’s own confession. Defendant’s palm print on the inside surface of the screen door of the victim’s house is incriminating. Although defendant admitted that he was in the vicinity of the house and that he had his hands on the screen door and window of the victim’s home, he denied that he ever reached the inside of the screen of the back door. This palm print on the inside surface of the screen door is therefore extremely significant in linking defendant to the rape.
We conclude that, when the evidence is considered in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Therefore, in affirming the trial court’s ruling on the motion for a new trial, we find that this assignment of error lacks merit.
*1311 For the above reasons, the conviction is affirmed.
AFFIRMED.

. The grand jury indictment appearing in the record charges the defendant with having committed aggravated rape upon the victim on May 15, 1979. Although the record is somewhat deficient, it appears that defendant originally entered a guilty plea pursuant to a plea bargain agreement in 1979. Various writs and motions for change of venue were subsequently filed in East Baton Rouge, East Feliciana and West Feliciana parishes. Additionally, it appears that the defendant was originally indicted for aggravated rape, aggravated burglary and simple robbery. However, the instant case pertains only to the trial and conviction for aggravated rape in West Feliciana Parish.