CARTER, J:
Defendant, Gregory Lynn Jackson, was charged by a grand jury indictment with armed robbery in violation of LSA-R.S. 14:64. Defendant was tried by a twelve-person jury, which unanimously found him guilty as charged. He was sentenced to a prison term of fifteen (Í5) years at hard labor without benefit of probation or parole. The defendant appeals his conviction and sentence specifying one assignment of error, viz., that the evidence introduced at trial did not support the jury’s guilty verdict for the crime of armed robbery.
FACTS
The testimony of the victim and an eye witness to the armed robbery establishes that about 10:00 p.m. on July 10, 1981, an individual with a stocking over his head and armed with a small shiny pistol held up the Clinton Amoco service station and fled with a zippered bank bag containing an undetermined amount of cash.
The statement given by defendant and introduced into evidence corroborates the facts related above. According to defendant’s statement, he, Marvin Robinson, James Phillips, and Wilbert Henderson planned the robbery of the Clinton Amoco service station. They then drove to the service station where Robinson, who had pulled a stocking over his head and had armed himself with a pistol provided by defendant, proceeded to rob the service station. While the robbery was in progress, defendant, Phillips, and Henderson remained in the car which was parked on a side street. Robinson was gone approximately three to four minutes and then returned with a zippered bank bag in his hand. They then drove to defendant’s house where they divided the money. Defendant stated that the next day he burned the bank bag obtained in the robbery.
It is well established that an accused may not be legally convicted on his own uncorroborated confession without proof that a crime has actually been committed. State v. Willie, 410 So.2d 1019 (La.1982), and cases cited therein. In addition, proof that defendant was a person engaged in the unlawful conduct is essen *352 tial for a conviction. State v. Freetime, 334 So.2d 207 (La.1976).
The state presented uncontroverted evidence that a crime had been committed. Defendant’s statement connected him with the robbery by its detailed and accurate account of the offense. The state’s witnesses identified defendant’s pistol as the weapon used in the robbery. In addition, both defendant and a state’s witness identified Marvin Robinson as the person who held up the service station. Accordingly, we find that the state presented sufficient evidence to support the conviction under the standard by which we are bound as enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). A rational trier of fact, accepting facts more favorable to the State, could have found defendant guilty beyond a reasonable doubt.
Defendant’s sole assignment of error has no merit. The conviction and sentence are affirmed.
AFFIRMED.