WATKINS, Judge.
Defendant, Melvin C. Stokes, Jr. was charged by indictment with aggravated burglary occurring on May 15, 1979, in violation of LSA-R.S. 14:60(3).[1] He pleaded not guilty, and after a jury trial was found guilty as charged. He was sentenced to twenty years at hard labor, said sentence to run consecutively with any other sentence defendant was serving. Defendant appeals his conviction, alleging one assignment of error, i.e., that there was insufficient evidence to support the guilty verdict.
About midnight between May 14th and May 15th, 1979, a black man entered the home of the victim, a woman who lived *1356 alone in a rural area outside Clinton, Louisiana. The victim was awakened from her sleep by a noise that sounded like the screen on her bedroom window being cut. A man outside tore off the window screen and climbed into the room. Upon entering the man hit the victim in the face with his fist several times and burst her lip. He then ransacked the victim’s purse, taking $10.00 and her Mastercharge credit card. When she turned on a flashlight, the man took it away and hit her on the head with the flashlight, causing a laceration of the hairline. The man then raped her.
After the rape, the intruder wandered into the kitchen and had a coke. He then pulled the telephone from the wall. Before leaving, the intruder apologized for what he had done but told the victim not to call the police or he would come back and “finish her off.” The woman was afraid to leave while it was dark, so she waited until daybreak to go to a neighbor’s house to call the police.
Since there were no lights on inside the house, the victim was not able to identify the intruder. The flashlight she had was taken away from her before she could direct the light on the intruder. She only knew that he was a black man. Thus, the victim could not identify defendant as the intruder.
East Feliciana Parish Sheriff deputies and an investigator with the district attorney’s office testified that defendant, after being advised several times of his rights and signing a waiver of rights form, gave a statement in which he confessed to the crime. Defendant gave a detailed confession wherein he stated he was going to a friend’s home when he decided to break into the victim’s home to steal something. This statement was handwritten by one of the deputies, read back to defendant and read by defendant himself before he signed each page. Although the statement was given in the middle of the night, the deputies testified defendant was alert and understood that he was waiving his rights.
At trial, defendant contended that his confession was involuntary and given only after he was threatened by one of the deputies conducting the interrogation. None of the other witnesses corroborated this testimony. Defendant also testified that on that night he did approach the victim’s home with the intent to break in and steal something of value. He stated at trial, that he did not enter the home, but rather was at the back screen door when he heard profanity and noises inside the house. This scared him, and he immediately left the area.
Also, defendant’s palm print was found on the inside surface of the back screen door of the victim’s house.
ASSIGNMENT OF ERROR NO. 1:
In defendant’s sole assignment of error, he urges that there is insufficient evidence to support the conviction.
Although this issue was not raised by a motion for post verdict judgment of acquittal, LSA-C.Cr.P. art. 821, we consider the sufficiency of evidence when the matter is simply raised by a formal assignment of error. State v. Edwards, 400 So.2d 1370 (La.1981); State v. Trevathan, 432 So.2d 355 (La.App. 1st Cir.1983). If the evidence is insufficient to support the verdict, the conviction will be reversed.
Defendant argues that the only relevant link between himself and the crime is his confession. At trial, the judge found that the confession was voluntary and allowed it to be introduced into evidence. Defendant did not assign as error this ruling of the trial court, nor do we address that issue.
Apparently, the jury considered defendant’s contention that he was threatened in determining what weight to give the confession. It appears the jury chose to rely on the confession and other evidence. Where there is conflicting testimony as to a factual matter, the question of credibility of witnesses is within the sound discretion of the trier of fact. State v. Jacobs, 435 So.2d 1014 (La.App. 1st Cir.1983).
It is well settled that an accused may not be legally convicted on his own uncorroborated confession without proof *1357 that a crime has been committed by someone, i.e., without proof of the corpus delicti. State v. Willie, 410 So.2d 1019 (La.1982); State v. Jackson, 444 So.2d 351 (La.App. 1st Cir.1983). In addition, proof that defendant was a person engaged in the unlawful conduct is essential for a conviction. State v. Freetime, 334 So.2d 207 (La.1976); State v. Jackson, supra.
The state presented uncontroverted evidence that a crime, aggravated burglary, had been committed. The victim testified that a man had entered her house through her bedroom window while she was at home. Once inside the man beat and raped the victim. He also stole money from her. Defendant’s statement connected him with the aggravated burglary by its detailed and accurate account of the offense. Although the victim could not identify defendant as the intruder, defendant's palm prints were found on her back screen door. In addition, the victim’s stolen Mast-ercharge credit card was found in a wooden area near where defendant was staying with friends. Furthermore, defendant, who claims he heard profanity and noises inside the home as he began to enter it, obviously wanted the jury to believe he was outside when the attack on the victim occurred. The victim, however, stated that there was no loud noise nor profanity during the incident.
We conclude that when the evidence is considered in the light most favorable to the state, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Therefore, this assignment of error lacks merit.
The conviction and sentence are affirmed.
AFFIRMED.

. Defendant was also charged with and convicted of aggravated rape of the victim that occurred in this incident. That conviction was affirmed by this court in State v. Stokes, 441 So.2d 1308 (La.App. 1st Cir.1983).