222 So.2d 869

**STATE of Louisiana**

v.

**John W. BARRIOS.**

No. 49526.

May 5, 1969.

---

Morphy & Freeman, Edwin A. Stoutz, Jr., New Orleans, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Frank H. Langridge, Dist. Atty., W. J. White, Jr., Asst. Dist. Atty., for appellee.

SUMMERS, Justice.

This is an appeal by John Barrios from a conviction for criminal neglect of family in the Juvenile Court of Jefferson Parish. Barrios was married to Janice Faye Lee at Bolton, Alabama, on June 16, 1967 and two days later established the matrimonial domicile in Plaquemines Parish, Louisiana, where they resided together as man and wife until December 1, 1967, when his wife abandoned the matrimonial domicile. No reconciliation has taken place since.

Suit for separation from bed and board was instituted by the husband on January 12, 1968 alleging that his wife abandoned the matrimonial domicile "without reason or justification." No contest was offered by the wife to the suit, and a default judgment was entered and later confirmed on March 21, 1968 decreeing a separation a mensa et thoro between the parties.

Thereafter, on July 16, 1968, on complaint of the wife, the District Attorney of the adjoining parish of Jefferson filed a bill of information in the Juvenile Court there, charging that on June 15, 1968 the husband Barrios committed the crime of criminal neglect of family, a misdemeanor as defined by Article 74 of the Criminal Code, in that he willfully, unlawfully and intentionally failed, neglected and refused to provide for the support of his wife Janice, who was then residing in Jefferson Parish, she being in destitute and necessitous circumstances.

This cause was heard on August 14, 1968 in the Juvenile Court of Jefferson Parish. In his judgment the trial judge stated that the juvenile court had jurisdiction, that the husband had an income of $350 per month and that he had failed to contribute to the support of his wife who was in necessitous circumstances. Accordingly, the husband was adjudged guilty of criminal neglect of family as denounced

by Article 74 of the Criminal Code and sentenced to serve six months in the parish prison, the sentence being suspended on the condition that he pay $25 per week for the support of his wife, plus the costs of court.[1]

An appeal was taken to this Court and the matter has been briefed and argued. Though the issue has not been raised by either party, we dismiss this appeal without prejudice on our own motion for we lack appellate jurisdiction.

Formerly, by a 1948 amendment to Section 52 of Article VII of the Louisiana Constitution, appeals were authorized to the State Supreme Court "from all final judgments rendered by the Juvenile Courts." A like provision was contained in Section 96 of the same article governing cases tried in Orleans Parish. Then, by an amendment to Section 29 of Article VII of the Constitution, adopted in 1958, effective after July 1, 1960, appeals were authorized to the Courts of Appeal "from the family and juvenile courts, *except criminal prosecutions against persons other than juveniles.*" Thus Section 29 as amended repealed by implication the provisions of Sections 52 and 96 which had

theretofore vested appellate jurisdiction of juvenile court judgments in the Supreme Court.

At the same time, the appellate jurisdiction of the Supreme Court was redefined by an amendment to Section 10 of Article VII of the Constitution. This amendment makes no reference to appeals from family or juvenile courts, and, therefore, by its silence it denies general appellate jurisdiction to the Supreme Court over judgments from juvenile courts. However, the amendment to Article VII, Section 10, retained the provision conferring general supervisory jurisdiction upon the Supreme Court "over all inferior courts." Appellate jurisdiction of the Supreme Court was also maintained as it had been prior to the amendment, to authorize direct appeals in all "Criminal cases in which the penalty of death or imprisonment at hard labor may be imposed, or in which a fine exceeding three hundred dollars or imprisonment exceeding six months has been actually imposed."

The effect of these general revisions in appellate jurisdiction was to deny the right of any appellate court to entertain appeals from judgments of juvenile courts in

---

1. The penal provisions of Article 74 of the Criminal Code are:
   "Whoever commits the offense of criminal neglect of family shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both; and if a fine should be im-

posed, the court may direct it to be paid in whole or in part to the wife, or to the tutor or custodian of the minor child or children, or to an organization or individual approved by the court as fiduciary for such wife or child."

criminal prosecutions against persons other than juveniles where the penalty imposed was a fine *not* exceeding three hundred dollars or imprisonment *not* exceeding six months.

 In the instant case, the husband is a person "other than a juvenile" and the penalty imposed is less than the minimum required for this court to entertain this case on appeal under its appellate jurisdiction in criminal cases, hence, neither the Court of Appeal nor the Supreme Court has appellate jurisdiction of this controversy.

 The only resort available to persons other than juveniles who are convicted in a juvenile court, where the penalty imposed is a fine *not* exceeding three hundred dollars or imprisonment *not* exceeding six months, is to apply to the Supreme Court for writs under its supervisory jurisdiction, as in all other convictions for criminal offenses where a fine not exceeding three hundred dollars or imprisonment not exceeding six months has been imposed. State v. Thomas, 245 La. 444, 158 So.2d 606 (1963); State v. Maricle, 245 La. 439, 158 So.2d 604 (1963). See also State v. Abadie, 247 La. 1043, 175 So.2d 825 (1965); State v. Herty, 247 La. 1031, 175 So.2d 645 (1965); Bennett, The Work of the Louisiana Appellate Courts for the 1963–1964 Term, Criminal Procedure, 25 La.I..Rev. 291, 460 (1965).

 Circumstances of this case, we believe, warrant granting to appellant a reasonable time to give notice to the judge of the Juvenile Court and the State's attorney of his intention, if he elects to do so, to apply to this Court for review under our supervisory jurisdiction in accordance with Section 2 of Rule XII of the Rules of this Court. See State v. Maricle, supra.

For the reasons assigned, this appeal is dismissed and appellant is granted fourteen days from the finality of this decree to notify the proper parties of his intention to apply to this Court for review.