257 So.2d 684

**STATE of Louisiana**

**v.**

**Leonard Charles YATES.**

**No. 52015.**

Feb. 3, 1972.

Sonny N. Stephens, Winnsboro, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Alfred R. Ryder, Dist. Atty., Errol D. Deshotels, Oberlin, for plaintiff-appellee.

PER CURIAM.

This is a suspensive appeal by Leonard Charles Yates from a conviction for criminal neglect of family, La.R.S. 14:74.

He was tried by the judge, found guilty and sentenced to serve six months in the parish prison, the sentence being suspended but placed on five years probation on the condition that he pay $100 on the 5th and 20th of each month thereafter, beginning December 20th, 1971.

 Though the issue has not been raised by either party, we dismiss this appeal without prejudice on our own motion, for we lack appellate jurisdiction. The minutes do not reflect that the City Court, acting on the juvenile matter, was sitting as a juvenile court. See State v. Laborde, 233 La. 556, 97 So.2d 393 (1957).

 If sitting as a juvenile court, then, as summarized in State v. Barrios, 254 La. 93, 222 So.2d 869 at 871 (1969), the effect of applicable constitutional provisions "in appellate jurisdiction was to deny the right of any appellate court to entertain appeals from judgments of juvenile courts in criminal prosecutions against persons other than juveniles where the penalty was a fine *not* exceeding three hundred dollars or imprisonment *not* exceeding six months." La.Const. Art. VII, Sections 10, 29, 52. The only review then available is by supervisory writs.

However, if sitting as a City Court (as the minutes indicate), then the appellate jurisdiction of this criminal prosecution is, by reason of the sentence, in the District Court. La.Const. Art. VII, Sects. 10(5)

and 36. State v. Lanthier, 241 La. 790, 131 So.2d 790 (1961).

For reasons assigned, this appeal is dismissed.