REDMANN, Judge.
This proceeding in the Juvenile Court for Jefferson Parish began as a criminal neglect of family case against appellant father. Thereafter, on a rule to show cause why the father’s rights of visitation of his children should not be reduced, the Juvenile Court rendered a judgment “that the visitation rights will be reduced and that the father of the children may visit with the children between the hours of 10 a. m. and 6 p. m.” each Sunday, without the presence of the maternal grandmother and, if the children wish, at a place other than their residence.
The father appeals, first arguing that the court was without jurisdiction to render such a judgment. We agree.

Our Jurisdiction

We first question our own jurisdiction. La.Const. art. 5 § 10(A)(2) gives us jurisdiction of “matters appealed from fam *1169 ily and juvenile courts, except criminal prosecutions of persons other than juveniles.” We thus do not have jurisdiction to review the criminal prosecution which initiated this entire litigation. See State v. Barrios, 1969, 254 La. 93, 222 So.2d 869. Were the criminal penalty imposed by the court some form of grant or modification of custody, we would not have jurisdiction to review the conviction or the appropriateness of the penalty. Although we need not now decide the question, we note that State v. Alexander, La.App. 4 Cir. 1975, 320 So. 610, writ refused, La., 323 So.2d 807 (holding the Juvenile Court without power to grant children half of their father’s personal injury claim), ignored the question of our own jurisdiction.
However, the criminal neglect charge resulted in the defendant father being “found not guilty — deft, [defendant?] submits to jurisdiction of court. By stipulation of all parties child support is set at $80.00 every two weeks commencing 12-18-72 — visitation set at every Sunday between 9 A.M. and 8 P.M.”
Thus this is not an appeal from a criminal prosecution, but from a rule concerning child visitation privileges. This matter is therefore not within the exception from our appellate jurisdiction.

Juvenile Court’s Jurisdiction

The Juvenile Court has no jurisdiction to adjudicate custody of children (other than those neglected or delinquent, La.R.S. 13:1570, abused, R.S. 13:1600, or in need of supervision, R.S. 13:1580). Nor can the consent of the parties confer on the Juvenile Court jurisdiction which the law does not give it; see Plauche v. Albert, 1949, 215 La. 776, 41 So.2d 677. A judgment granting visitation is one involving custody; Downey v. Downey, 1935, 183 La. 424, 164 So. 160. The Juvenile Court does not have jurisdiction to adjudicate visitation rights between parents. Parents with a custody or visitation dispute must resolve it in the district court (or family court where provided).
The judgment purporting to fix visitation is annulled for lack of jurisdiction at appellant’s cost.