BOUTALL, Judge.
ON OUR OWN MOTION TO DISMISS
This matter concerns an appeal from the Juvenile Court for the Parish of Jefferson. Shortly after the appeal was filed, we noticed an apparent lack of jurisdiction of this Court because: 1.) There was no signed judgment in the record; and 2.) The proceeding was a criminal prosecution against an adult. As a consequence we issued a rule to show cause to the parties in order to ascertain our jurisdiction.
There has now been filed into the record what purports to be the judgment rendered, signed on August 8, 1977. Our examination of that judgment convinces us that we have no jurisdiction over the appeal.
At the outset we note that this case began as a criminal prosecution of an adult based on a bill of information brought by the State of Louisiana against Charles Brown charging him with the crime of criminal neglect of family, R.S. 14:74, by failing to provide for the support of his minor child, Karen Brown, age 10 years. Brown filed a motion to quash the information on the grounds that he was not the father of the child, that the Juvenile Court had no jurisdiction to determine paternity and that the District Court had exclusive jurisdiction thereof under Constitution of 1974, Article 5, § 16, and that unless a civil declaration of paternity and obligation to support had been previously imposed upon him as father of the illegitimate child, criminal responsibility cannot ensue. R.S. 14:74 and 74.1, Civil Code Article 242.
The Juvenile Court held a hearing with the following results: 1.) A minute entry of judgment unsigned by the Judge finding the defendant guilty as charged and imposing the amount of $60.00 per month for support effective March 1, 1977: 2.) The signed judgment of August 8, finding that the child is the acknowledged child of the defendant and as such entitled to alimony for her support from the defendant (Civil Code Article 242). This judgment makes no mention of finding of guilt.
The composition of the record before us creates some uncertainty as to which decree is appealed to us. The appellant says that the appeal is from a civil judgment of paternity which is beyond the jurisdiction of the Juvenile Court to render. The appellee says that the appeal is from the criminal verdict of guilt rendered in the case. We find it unnecessary to decide which is the judgment appealed because we have no jurisdiction in either situation and hence no authority to determine the validity of either judgment. As pointed out, the case which gives rise to these pronouncements is purely a criminal proceeding against an adult under R.S. 14:74. If the minute' entry of guilty verdict is in fact the judgment appealed from (disregarding the question of prematurity), no appeal lies to us under Article 5 § 10, Constitution of 1974. If the finding of paternity is in fact the judgment appealed from, it is only an ancillary matter in the pending criminal proceeding, and no appeal lies to us under the same article. It is simply a part of the criminal prosecution *920 of a person other than a juvenile. See State v. Barrios, 254 La. 93, 222 So.2d 869 (1969); State v. Stewart, 271 So.2d 519 (La.1973); Collette v. Olivier, 309 So.2d 894 (La.App. 3rd Cir. 1975); R.S. 13:1591.
Because we have no jurisdiction we must dismiss the appeal. Although we hesitate to express an opinion as to the appellate jurisdiction of the Supreme Court, we feel compelled to state that we cannot transfer this appeal on our own motion to the Supreme Court because there is no sentence imposed within the jurisdictional limitation imposed in Article V, § 5(D) Constitution of 1974 or in R.S. 13:1591. We refer the parties to Article V, § 5(E) and we leave to them the determination of the proper procedural steps to secure a resolution of the issues presented.

APPEAL DISMISSED.