SCHOTT, Judge.
On October 18, 1966, an acknowledgment of his paternity as to Karen Brown, a child of defendant, Hilda Boudreaux, was purportedly signed by plaintiff, Charles Brown. Plaintiff has appealed from a dismissal of his suit to have his purported signature on the acknowledgment declared a forgery. The only issue in this court is whether the trial judge committed manifest error in his resolution of a factual dispute between the parties.
On August 8, 1977, plaintiff was tried in the Juvenile Court for the Parish of Jefferson for criminal neglect under LSA-R.S. 14:74 and was condemned to pay alimony for Karen Brown. The court’s decision was grounded on the acknowledgment by plaintiff of the child. An appeal from that judgment to this court was dismissed, State v. Brown, 350 So.2d 918 (La. App. 4th Cir. 1977), and an application for writs to the Supreme Court was denied, State v. Brown, 354 So.2d 569 (La.1978).
Although the acknowledgment is in the form of an authentic act as required by LSA-C.C. Art. 203, the testimony of one of the witnesses established that the acknowledgment was not signed before the notary public and the two witnesses. However C.C. Art. 209 provides that proof of paternity may be made by private writings so that the question in this case was reduced to whether plaintiff signed the act or his purported signature was a forgery.
Plaintiff denied having signed the act and offered evidence to show that he was not physically present at a time when the child was conceived. The child was born on August 18, 1966, and Brown testified that the only leave he took from the Army during 1965 or 1966 was around Christmas 1965. He stated that he had sexual intercourse only once with Hilda Boudreaux and that was in May, 1964. He also produced a hand-writing expert who expressed the opinion that the signature of the acknowledgment was not Brown’s, after making the usual comparison of that questioned signature with a number of samples of Brown’s signature and providing a detailed discussion concerning the formation and spacing of letters in the questioned signature as compared to genuine signatures.
On the other hand, Hilda Boudreaux testified that Karen was plaintiff’s child and that Brown voluntarily agreed to sign the acknowledgment after being informed of her birth. Vivian Wilson, an aunt of Hilda Boudreaux, who was a witness on the act of acknowledgment, testified that plaintiff signed the act in her presence. Other wit *936 nesses testified that plaintiff had willingly acknowledged the child. Most importantly, Hilda Boudreaux produced a hand-writing expert who testified without equivocation that the signature on the acknowledgment was in fact plaintiff’s.
In his reasons for judgment, the trial judge stated that he was more impressed with defendant’s hand-writing expert and believed defendant’s witnesses, especially Vivian Wilson.
Since this was essentially a credibility call by the trial judge a reversal by this court is not warranted. Accordingly, the judgment appealed from is affirmed.
AFFIRMED.