McClendon, j.
Un this matter, C.W. and M.B., the maternal grandmother and great-grandfather of the minor child, C.J., appeal the juvenile court’s judgment denying their motion to vacate the judgment adjudicating C.J. a child in need of care.[1] For the reasons that follow, we dismiss the appeal.
FACTS AND PROCEDURAL HISTORY
The proceedings in this matter were initiated on November 29, 2004, when an instanter order issued, placing C.J. in the custody of the State of Louisiana, through the Department of Social Services, Office of Community Services (OCS or State), *973 based on allegations of neglect by the child’s mother, R.J. C.J. was placed in a certified foster home. Following a continued custody hearing on December 2, 2004, the juvenile court found reasonable grounds for continued custody with OCS, including but not limited to:
[R.J.] was arrested for possession of schedule II drugs and paraphernalia and admitted to using cocaine. [R.J.] stated that her mother, [C.W.], was an alcoholic and could not provide care for [C.J.]. [R.J.] did not provide the agency with any other relatives that could provide care for the child.
Thereafter, on December 30, 2004, the State, through the district attorney, filed its petition requesting that C.J. be adjudicated a child in need of care.[2] The petition alleged that on November 16, 2004, OCS received, investigated, and validated a report of neglect of the child by his mother, 13R.J.[3] The petition referred to R.J.’s drug abuse and her arrest on November 24, 2004, for possession of a Schedule II substance and paraphernalia. The petition further alleged that R.J. reported to OSC that her mother, C.W., is an alcoholic. The petition also asserted that C.W. admitted to drinking every day and being on medication for depression. With regard to C.J.’s father, the petition asserted that C.J.’s father admitted having little contact with the child.[4]
On February 2, 2005, at the adjudication hearing, R.J. stipulated that C.J. was in need of care, without admitting to the allegations of the petition.[5] The juvenile court, after questioning the mother, who was represented by counsel, and following the introduction of the investigation report by the State, accepted the stipulation of R.J., additionally found a factual basis for the adjudication, and rendered judgment adjudicating C.J. a child in need of 14care.[6] The court further found the current placement of C.J. with foster parents to be the most appropriate and in the best interest of the child. Judgment was signed on April 14, 2005. Also on April 14, 2005, following the disposition hearing, a judgment of disposition was rendered and signed decreeing that custody of C.J. re *974 main with OCS. Neither the adjudication or disposition judgment was appealed.
Thereafter, on October 25, 2005, C.W. and M.B. filed a Motion and Order to Vacate Judgment of Adjudication and also a Motion and Order for Consideration as Custodial (sic) of Minor Child.[7] The motions were set for hearing on November 23, 2005, at which time C.W. was present with her attorney. According to the minutes of the court, counsel for C.W. “made representations to the court,” after which the court advised C.W. of a list of things she was to do, including a random drug screen of hair and urinalysis. The matter was continued to February 23, 2006, at 1:00 p.m. However, the minutes of the court reflect that “court convened at the usual hour of nine thirty a.m.” on February 23, 2006. No one was present on behalf of C.W. and M.B., and the court orally denied their motions without any hearing. The denial of the motion for consideration was not appealed by C.W. and M.B, but on April 4, 2006, C.W. and M.B. moved to devolutively appeal the denial of the motion to vacate the adjudication due to lack of jurisdiction. The appeal was granted by the juvenile court on April 6, 2006.
This court, on September 8, 2006, remanded the appeal for the limited purpose of ordering the juvenile court to sign a judgment regarding the February 23, 2006 ruling. On September 28, 2006, judgment was signed | ^denying the request for consideration as custodian and denying the motion to vacate the adjudication. On November 9, 2006, following a show cause order, this court maintained the appeal stating: “Appellants filed their motion and order for appeal prior to signing of the judgment reflecting the court’s rulings of February 23, 2006. However, the defect of prematurity was cured once the court signed a judgment on September 28, 2006.”
In their sole assignment of error, C.W. and M.B. allege that the juvenile court erred in denying the motion to vacate the adjudication where the facts do not show or support a finding that the child was either abused or neglected.
DISCUSSION
Louisiana Children’s Code article 667 provides:
A. On motion of the child or the parent, an adjudication shall be vacated and a new adjudication hearing ordered if, after contradictory hearing, the court finds that:
(1) The adjudication was obtained by fraud or mistake sufficient to justify vacating the adjudication.
(2) The court making the adjudication lacked jurisdiction.
(3) New evidence not previously discoverable by due diligence requires vacating the adjudication in the interest of justice. A motion based upon this ground must be brought within one year of the adjudication.
B. In the interest of justice, the court may vacate an adjudication prior to disposition.
In their motion to vacate the adjudication, C.W. and M.B. alleged that the petition in this matter listed numerous problems with C.J’s mother, as well as with the grandmother, C.W., but that, even if all the allegations were true, it failed to show that C.J. was a child in need of care. Thus, C.W. and M.B. argue that the juvenile court lacked jurisdiction over these child in need of care proceedings.
*975 | (¡However, before addressing the arguments of C.W. and M.B., we must first determine whether this court has jurisdiction to review the matter.
Article 330 of the Children’s Code provides:
A. An appeal may be taken from any final judgment of a court and shall be to the appropriate court of appeal.
B. In delinquency proceedings pursuant to Title VIII, child in need of care proceedings pursuant to Title VI, and families in need of services proceedings pursuant to Title VII, an appeal may be taken only after a judgment of disposition. The appeal shall include all errors assigned concerning the adjudication and disposition.[8]
Pursuant to this article, an appeal may be taken only after a judgment of disposition. A judgment denying motions is not a judgment of disposition, and this court lacks jurisdiction to consider the matter appealed. Accordingly, this appeal must be dismissed.
CONCLUSION
For the foregoing reasons, the appeal of the judgment of the juvenile court, denying the motion to vacate the judgment of adjudication, is dismissed. Costs are assessed against C.W. and M.B.
APPEAL DISMISSED.

. The 21st Judicial District Court has original juvenile jurisdiction for the parishes within its district. See LSA-Ch.C. art. 302. Article 604 of the Louisiana Children's Code also provides the court with exclusive original jurisdiction over any child alleged to be in need of care and the parents of such child. Accordingly, we will refer to the district court as the juvenile court throughout these proceedings.

. Louisiana Children's Code article 631 A provides:
A child in need of care proceeding shall be commenced by petition filed by the district attorney. Any other person authorized by the court may file a petition if there are reasonable grounds to believe that the child is a child in need of care.

. Louisiana Children’s Code article 606 sets forth the grounds on which a child can be found a child in need of care, including that the child is a victim of neglect. LSA-Ch.C. art. 606A(2).

. On September 20, 2005, C.J.’s father, J.J., voluntarily surrendered custody of C.J. to the Louisiana Department of Social Services for placement and adoption.

. Article 647 of the Children’s Code permits such a stipulation, and provides as follows:
With the approval of the petitioner and the department, if a child is in the custody of the department, a parent whose child is the subject of pending proceedings may, with or without admitting the allegations of the petition, stipulate that the child is in need of care according to Article 606, provided that:
(1) A prehearing conference has been convened in accordance with Article 646.1.
(2) The parent personally appears before the court.
(3) The court fully informs the parent of his rights as required by Article 625.
(4) The court fully informs the parent of the consequences of such a stipulation, including the parent's responsibility to comply with the case plan and correct the conditions requiring the child to be in care.
(5) The parent knowingly and voluntarily consents to the judgment.

.We note that throughout these child in need of care proceedings, C.J. was represented by counsel from the Public Defender’s Office.

. The record contains an order for the motion to vacate, but not for the motion for consider-alion.

. The source article of LSA-Ch.C. art. 330 was Article 97 of the Code of Juvenile Procedure, which provided, as follows:
In cases in which a child is adjudicated to be a delinquent, in need of supervision, or in need of care, an appeal may be taken only from a judgment of disposition, and shall be to the appropriate court of appeal. The appeal shall include all errors assigned concerning the adjudication and disposition.
While we note that in enacting Article 330, the legislature chose to use the phrase "after a judgment of disposition” rather than "from a judgment of disposition,” we find no intent to change the application of the codal provision.