MARION F. EDWARDS, Judge.
li/The State of Louisiana, through the Department of Social Services, Office of Community Services (“OCS”), appeals a ruling of the Juvenile Court for the Parish of Jefferson. The current appeal relates only to a ruling involving the minor K.D. Because that ruling is not an appealable judgment, we dismiss the appeal.
K.D. came into the custody of the OCS in March 2000 when the department peti *731 tioned to terminate her parents’ parental rights. The termination was granted, and she was placed in foster care. Prior to June 2006, the OCS case plan was to find an adoptive home for K.D. More than one placement was made for adoption, but, on December 12, 2006, the court held a periodic case review hearing and determined that the latest attempt at adoption placement had failed. K.D. would be continued in alternative safe and permanent home (formerly “long term foster care”) at Hope Haven. At that time, the court issued a disposition, approving the plan of OCS to maintain K.D. in the home where she then resided. In that same judgment, the court issued several other orders, including ordering “OCS to | ¡¡provide the minor with braces, using the Katria [sic] fund money if necessary.” No appeal was taken from the disposition. A subsequent judgment, dated May 8, 2007, was another periodic case review which continued the status quo and did not address the orthodontia issue.
On June 20, 2007, OCS moved for modification of the judgment ordering orthodontic services, incorrectly referencing the May 8, 2007 judgment. OCS urged it no longer had the available resources to provide the services. A hearing was held on July 23, 2007, at which time the court denied the motion for modification; the record indicates that OCS did not appear at that hearing. Subsequently, OCS filed for rehearing, urging it had not been notified of the date set for the motion. On August 14, 2007, the matter was taken up on rehearing, and, following testimony, the court once more ordered OCS to pay for orthodontia services. This judgment in substance again denied modification of the December 2006 disposition.
We do not address the arguments of OCS because we have determined that this Court does not have appellate jurisdiction to review the matter.
LSA-Ch.C. art. 330 provides:
A. An appeal may be taken from any final judgment of a court and shall be to the appropriate court of appeal.
B. In delinquency proceedings pursuant to Title VIII, child in need of care proceedings pursuant to Title VI, and families in need of services proceedings pursuant to Title VII, an appeal may be taken only after a judgment of disposition. The appeal shall include all errors assigned concerning the adjudication and disposition.
(Emphasis provided.)
Pursuant to this article, an appeal may be taken only after a judgment of disposition. The judgments denying the motion to modify and denying rehearing are |4not judgments of disposition.[1] If considered as an appeal from the disposition ordering the orthodontia, it would be untimely under LSA-Ch.C. art. 332. Accordingly, the appeal must be dismissed. However, we can review the judgment under our supervisory jurisdiction. Therefore, we grant OCS thirty days from the date of this opinion within which to file an application for supervisory writs.

APPEAL DISMISSED.

. See, State in the Interest of C.J., 2006-1441 (La.App. 1 Cir. 2/14/07), 959 So.2d 972, writ denied 2007-0579 (La.4/5/07), 954 So.2d 147.