Judge Joy Cossich Lobrano
| Appellant Daphne Cross (“Mother”) appeals the juvenile court’s adjudication of her child A.F. as a child in need of care. Finding that this Court lacks jurisdiction to review the adjudication, we dismiss the appeal.
Factual and Procedural History
In early 2016, A.F. was taken into the custody of the Orleans Parish Youth Study Center (“YSC”), pursuant to outstanding runaway warrants. On April 19, 2016, the juvenile court ordered A.F. released from the YSC without any restrictions. As a result, YSC staff attempted to contact Mother (A.F.’s custodial parent) to inform her of AF.’s release. However, Mother refused to take A.F. home from the YSC.
Tavia Elliot (“Ms. Elliot”), a child welfare specialist with the Louisiana Department of Children and Family Services (“DCFS”), contacted Mother on April 20, 2016. During their conversation, Mother informed Ms. Elliot that she would not assume custody of A.F. unless an ankle monitor was affixed to her. Ms. Elliot explained that an ankle monitor was not a condition of A.F.’s release. Ms. Elliot also informed Mother that if she were to assume custody of A.F. from the YSC, DCFS could assist Mother in seeking services, including a possible ankle monitor, lathe following day. Mother again refused to assume custody of A.F. Ms. Elliot then asked Mother if there was another relative with whom A.F. could be placed. Mother refused to provide the requested information.
The State of Louisiana (“State”), through DCFS, then sought an instanter order to assume temporary custody of A.F. until she could be placed with a family member. The juvenile court issued the instanter order on April 20, 2016.[1] Five days later, the juvenile court held a continuing *675 custody hearing.[2] At the conclusion of the hearing, the juvenile court ordered that A.F. remain in the custody of DCFS.
After the continuing custody hearing, the State, through the Orleans Parish District Attorney’s Office, commenced a child in need of care proceeding in the interest of A.F., alleging that A.F. should be designated a child in need of care due to Mother’s neglect. Mother answered the State’s allegations, and the ease came before the juvenile court for adjudication.
At the child in need of care adjudication hearing, on June 2, 2016, the State called Ms. Elliot as a witness, who testified as to her attempts to convince Mother to take custody of A.F. from the YSC, and Mother’s refusal to do so. Ms. Elliot also testified as to Mother’s refusal to provide DCFS with any information regarding another family member with whom A.F. could be placed. Mother called Gwangi Richardson, who briefly testified that he had provided counseling services to A.F. Mother then called Glen Holt (“Mr. Holt”), who is the superintendent of the YSC. Mr. Holt testified that A.F. was taken into the custody of YSC, and that she was later ordered released without restrictions. Then, Mother called A.F. |aherself. A.F. testified that she called Mother from the YSC and requested that Mother pick her up. She further testified that Mother hung up on her, and would not answer subsequent phone calls. As her final witness, Mother called A.F.’s brother, X.F.,[3] who testified that he did not know a T.E.[4] At the conclusion of the hearing, the juvenile court determined that A.F. is a child in need of care. On June 13, 2016, an order for appeal was signed. This appeal followed.
After the order for appeal was signed, on June 30, 2016, a disposition hearing was held. The record does not indicate that the juvenilé court rendered a judgment of disposition.
Jurisdiction of the Court
The State contests this appeal on the basis that this Court is without jurisdiction. The State bases its contention on the fact that Mother filed her motion for appeal after the child in need of care adjudication but prior to the case’s disposition. “La. Const, art. 5 § 10(A)(2) gives us jurisdiction of „matters appealed from family and juvenile courts.... ” State v. Bouvier, 344 So.2d 1168, 1168-69 (La. App. 4th Cir. 1977). However, we find that this set of facts falls under an exception to this Court’s jurisdictional grant. La. Ch.C. art. 330 states:
A. An appeal may be taken from any final judgment of a court and shall be to the appropriate court of appeal.
B. In delinquency proceedings pursuant to Title VIII, child in need of care proceedings pursuant to Title VI, and famines in need of services proceedings pursuant to Title VII, an appeal may be taken only after a\ ¿judgment of disposition. The appeal shall include all errors assigned concerning the adjudication and disposition.
(emphasis added); cf. State ex rel. C.J., 2006-1441, pp. 5-6 (La.App. 1 Cir. 2/14/07), 959 So.2d 972, 974-75 (finding that a denial of a motion to vacate a child in need of *676 services determination was not a final ap-pealable judgment). In this case, the motion for appeal was filed after A.F. was adjudicated a child in need of services under La. Ch.O. art. 606 (which appears in Title VI of the Louisiana Revised Statutes), prior to the juvenile court’s disposition. Because this appeal was taken prior to the disposition, we must dismiss it for lack of jurisdiction. Thus, the appeal is dismissed.
APPEAL DISMISSED
LANDRIEU, J., CONCURS WITH REASONS.

. The instanter order was initially issued verbally on April 20, 2016, and was reduced to writing on April 21, 2016.

. Mother appeared at the hearing, where she informed the juvenile court of her intent to proceed pro se.

. Like A.F., X.F. is a minor. Therefore, his name is abbreviated for the purpose of maintaining confidentiality.

.T.E. is the relative A.F. was placed with following these proceedings. Initials are used to maintain the confidentiality of the minor.